■ In the Matter of MURRAY SORELL, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Chancellor of the Board of Education of the City School District of the City of New York, dated July 11, 1988, which reaffirmed a prior determination discontinuing the petitioner's employment as a probationary teacher, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Garry, J.), dated June 23, 1989, which dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner, a former probationary teacher in the New York City public school system, alleges in the instant proceeding that the Chancellor's determination dated July 11, 1988, which reaffirmed a prior determination discontinuing his probationary employment, was "illegal, arbitrary and capricious". Specifically, the petitioner alleges that an "OP-11B form" reviewing his probationary service, dated June 22, 1987, and countersigned by the petitioner on June 23, 1987, contained the principal's signature following a recommendation of discontinuance of the petitioner's probationary employment, but did not contain the authentic or authorized signature of the "responsible superintendent", i.e., James Canfield, as required by the Board of Education's Special Circular No. 45. Special Circular No. 45 provides, in pertinent part:

"1. Authority to Recommend Discontinuance of Probation

"A principal or director, *with the concurrence of the respon-*

*sible superintendent,* may recommend discontinuance of probationary service".

We disagree with the petitioner's argument.

It is true that, at a hearing conducted in June 1988, pursuant to the Board of Education's Bylaws § 5.3.4, Superintendent Canfield acknowledged, for the first time, that his purported signature on the OP-11B form "look[ed] like someone else's", and was unauthorized. However, Superintendent Canfield also testified that in a letter to the petitioner, dated June 12, 1987, he negatively evaluated the petitioner. Canfield's negative evaluation letter, which was countersigned by the petitioner on June 26, 1987, and admitted into evidence at the hearing, also stated: "I will support your principal's rating of your service during the past year".

Under these circumstances, the petitioner failed to demonstrate that he was deprived of any substantial right *(cf., Matter of Lehman v Board of Educ.,* 82 AD2d 832). Accordingly, the Supreme Court properly dismissed the proceeding. Mangano, P. J., Bracken, Lawrence and Kunzeman, JJ., concur.