■ In the Matter of ISABELLA G. PERSICO, Respondent, v BOARD OF EDUCATION, CITY SCHOOL DISTRICT, CITY OF NEW YORK, et al., Appellants. [672 NYS2d 793] —In a proceeding pursuant to CPLR article 78 to review a determination of the Chancellor of the Board of Education of the City School District of the City of New York, dated November 3, 1992, which reaffirmed a prior determination discontinuing the petitioner's employment as a probationary teacher, the appeal is from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered January 22, 1997, which granted the petition to the extent of directing the appellants to conduct a de novo hearing pursuant to section 5.3.4 of the by-laws of the Board of Education of the City of New York.

Ordered that on the Court's own motion, the appellants' notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The petitioner's employment as a probationary teacher was terminated by the appellants on September 3, 1990. The decision to terminate the petitioner's employment was reviewed by a committee designated by the Chancellor of the Board of Education of the City School District of the City of New York (hereinafter the Chancellor) pursuant to section 5.3.4 of the by-laws of the Board of Education of the City School District of the City of New York (hereinafter the by-laws). After a hearing, the committee recommended that the petitioner's termination be reaffirmed. By letter dated November 3, 1992, the Chancellor notified the petitioner that her termination was reaffirmed, and the petitioner commenced the present proceeding pursuant to CPLR article 78 claiming, *inter alia*, that she had been denied substantial procedural rights at the review hearing. The Supreme Court granted the petition to the extent of directing the appellants to conduct a de novo hearing pursuant to section 5.3.4 of the by-laws. We reverse.

The petitioner failed to demonstrate that she was deprived of any substantial right warranting a new review hearing (*see, Matter of Sorell v Board of Educ.*, 168 AD2d 453). The petitioner was given numerous opportunities to question witnesses and was instructed on the procedure for calling witnesses. The termination of the proceedings during the ninth review session did not prevent the petitioner from giving relevant testimony and her advisor was permitted to submit a written concluding statement. We find that the petitioner was provided ample opportunity to challenge the discontinuance of her probationary service. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.