■ In the Matter of EVERARD BROWN, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [932 NYS2d 64]—

Petitioner was a probationary teacher in the New York City school system for three years. He was terminated at the end of his third year in 2008. Pursuant to a review procedure set forth in the parties' collective bargaining agreement, petitioner appealed to the Department of Education's Office of Appeals and Reviews.

At a hearing, petitioner's supervisors, Principal Weissbrot and Assistant Principal Bausch, were called as witnesses by the Department of Education (DOE). They both similarly testified about petitioner's poor performance in class management and engagement of students. DOE also presented petitioner's Annual Professional Performance Review and Report on Probationary Service of Pedagogical Employee (APPR) for the period of August 30, 2007 to June 2008. The APPR, which was signed by Principal Weissbrot, reflected a "U-rating" in that calendar year for petitioner. Besides cross-examining DOE's witnesses, petitioner pointed out that the APPR was deficient in several respects, namely that no documentation was annexed to the APPR as required by the rating handbook promulgated by the Chancellor, and that sections of the report were left blank.

The Chancellor's Committee Report issued in September 2009 unanimously agreed with the principal's recommendation to deny petitioner his Certification of Completion of Probation effective August 28, 2008. In this article 78 proceeding brought by petitioner, Supreme Court found that the determination to discontinue petitioner's employment was rationally based. Nevertheless, the court granted the petition on the ground that the APPR was not in strict compliance with the procedures set forth in the rating handbook promulgated by the Chancellor. We now reverse.

Petitioner has failed to demonstrate that his termination of employment as a probationary teacher was arbitrary and capricious or in bad faith. Indeed, petitioner does not dispute that the evidence adduced at the hearing from the principal and assistant principal provided ample ground for his discontinuance. The principal and the assistant principal described petitioner's poor performance in class management and engagement of students. Significantly, their individual assessments were based on their personal classroom observations. Under these circum-

stances, any deficiencies in the APPR do not render the determination to discontinue his employment arbitrary and capricious since the hearing testimony provided ample grounds for his termination (*see Matter of Sorell v Board of Educ. of City School Dist. of City of N.Y.*, 168 AD2d 453 [1990]). Concur—Mazzarelli, J.P., Catterson, Renwick and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 30673(U).]**