OPINION OF THE COURT
Shlomo S. Hagler, J.
Petitioner Patsy Perkins (Dr. Perkins or petitioner) moved by *904 notice of petition and verified petition seeking to vacate and annul her unsatisfactory ratings for the academic school years 2008- 2009 and 2009-2010 issued by respondent New York City Department of Education (DOE or respondent). Respondent interposed a verified answer and opposed the verified petition.
Background
Dr. Perkins has been employed with the DOE since 1994. On or about June 12, 2000, the DOE appointed petitioner as an assistant principal. In or about August 2007, Dr. Perkins was assigned to M.S. 232 in the Bronx, New York as a tenured assistant principal of mathematics and science. For school year 2008-2009, principal Neifi Acosta at M.S. 232 completed the requisite “Pedagogical Supervisory Personnel Report” (annual review) dated June 19, 2009 and petitioner received an overall unsatisfactory evaluation. Principal Acosta did not complete the section of documentation in the annual review. (Exhibit A to the verified petition.) On or about June 22, 2010, principal Acosta gave petitioner a second unsatisfactory rating for school year 2009- 2010. (Exhibit B to the verified petition.)
Petitioner filed for review or appeal of both unsatisfactory ratings and a hearing was conducted on November 10, 2010. (Exhibit U to the verified answer.) At the hearing, petitioner objected that respondent failed to send documents for the hearing to the Office of Appeals and Reviews (OAR) in a timely manner. More significantly, petitioner was not furnished with documents that principal Acosta utilized to support the unsatisfactory ratings until the day of the hearing. In addition, petitioner also objected that principal Acosta failed to indicate in the rating sheet which “areas of service in Section B, Document 1.7 were deemed unsatisfactory . . . and the key to documentation has been left blank.” (Exhibit V to the verified answer.) All of the above objections were denied. (Id.)
At the hearing, respondent heavily relied upon documentation to support the unsatisfactory ratings. With regard to the first unsatisfactory rating, respondent primarily relied upon three letters, one dated May 19, 2009 and two dated June 2, 2009. (Exhibits D, G, and J to the verified answer.) As for the second unsatisfactory rating, respondent submitted four letters dated March 23, 2010, April 12, 2010, June 9, 2010 and June 16, 2010. (Exhibits O, Q and R to the verified answer.) In two undated findings, the chair recommended that petitioner’s appeal should be denied and the unsatisfactory ratings should be *905 sustained. (Exhibits V and W to the verified answer.) In letters dated August 11, 2011 and May 2, 2011, the Chancellor’s designee, Senior Deputy Chancellor Shael Polakow-Suransky, denied petitioner’s appeals and sustained both unsatisfactory ratings. (Exhibits X and Y to the verified answer.)
Thereafter, in or about September 2011, petitioner commenced this CPLR article 78 proceeding challenging the unsatisfactory ratings for school years 2008-2009 and 2009-2010. In or about January 2012, respondent interposed a verified answer to the verified petition.
Discussion
Standard of Review for Article 78 Proceedings
The standard to review an administrative determination is set forth in CPLR 7803. The scope is limited to “whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed” (CPLR 7803 [3]). Thus, a court may not disturb an administrative determination unless there is no rational basis for it in the record or the determination is arbitrary or capricious (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]). The arbitrary and capricious test relates to whether the administrative action should have been taken or is justified or if, conversely, the action is without sound basis in reason and is generally taken without regard to the facts (id. at 231).
Distinction between Technical Deficiencies and Violation of Substantial Rights
A hearing officer’s determination as to the credibility of witnesses is entitled to deference and is “largely unreviewable because the hearing officer observed the witnesses” (Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 568 [1st Dept 2008]). Courts are generally reluctant to set aside administrative determinations due to technical deficiencies where the DOE fails to strictly comply with the procedures set forth in the rating handbook promulgated by the Chancellor (Matter of Brown v Board of Educ. of the City School Dist. of the City of N.Y., 89 AD3d 486, 487 [1st Dept 2011]). However, where the deficiencies in the review process are not merely technical, “hut undermined the integrity and fairness of the process,” that would amount to a deprivation of a substantial right which *906 is not waivable (Matter of Kolmel v City of New York, 88 AD3d 527, 529 [1st Dept 2011], citing Matter of Blaize v Klein, 68 AD3d 759 [2d Dept 2009], and Matter of Lehman v Board of Educ. of City School Dist. of City of N.Y., 82 AD2d 832, 834 [2d Dept 1981]).
Arguments
Petitioner alleges that respondent failed to follow its own procedures in completing the annual reviews as well as in the appeal review process which deprived her of a substantial right to a fair hearing. Specifically, petitioner claims that principal Acosta failed to indicate in the rating sheet which areas of service were deemed unsatisfactory and omitted any documentation to support the unsatisfactory ratings. Moreover, petitioner claims that respondent failed to send documents for the hearing to the OAR in a timely manner and that she was not furnished with documents that principal Acosta utilized to support the unsatisfactory ratings until the day of the hearing in contravention of respondent’s own rules. (Exhibit B to affirmation of Edward Wolf in support of petition, dated May 11, 2012 [Wolf affirmation], The Appeal Process, Section I, Article 2 [a], [b], [c].)
Respondent argues that these alleged errors were mere technical deficiencies and the record supports the findings of the unsatisfactory ratings primarily relying upon Matter of Brown, which held that the failure to annex documentation to the annual review did not constitute a meaningful violation of lawful procedure.
Failure to Provide Documentation Prior to Hearing Undermined Process
While some confusion still lingers as to the proper standard to employ where the DOE fails to comply with the procedures set forth in the rating handbook or in the appeals process promulgated by the Chancellor, it appears that the appellate courts have overlooked mere technical deficiencies where there is other persuasive evidence in the record and it does not deprive the petitioner of a substantial right. It is also necessary to fully explain Matter of Brown, which does not stand for the proposition that every technical deficiency by the DOE must be overlooked. However, in Matter of Brown the First Department tolerated the DOE’s failure to annex documentation to the annual review because there was other persuasive testimony in the record from the principal and the assistant principal who *907 made “individual assessments . . . based on their personal classroom observations” (89 AD3d at 487).
In this case, it is uncontroverted that principal Acosta failed to complete the section of documentation on the annual reviews to support the unsatisfactory ratings in compliance with procedures promulgated by the Chancellor. This deficiency was compounded by the fact that the respondent failed to furnish petitioner with a complete set of documentation used by principal Acosta to support the reasons for the adverse ratings prior to the hearing on November 10, 2010. (Exhibit B to Wolf affirmation, The Appeal Process, Section I, Article 2 [a].) Unlike in Matter of Brown, the respondent here heavily relied on the total of seven letters that was not provided to petitioner prior to the hearing and just one observation report to support the unsatisfactory ratings. Based on the totality of the circumstances, it is apparent that the deficiencies in the review process were not merely technical “but undermined the integrity and fairness of the process,” thus depriving petitioner of a substantial right which was not waivable. (Matter of Kolmel, 88 AD3d at 529.)
Conclusion
Accordingly, it is ordered and adjudged, that the petition is granted to the extent of annulling the unsatisfactory ratings for school years 2008-2009 and 2009-2010 and the matter remanded to respondent New York City Department of Education for further review consistent with this decision and order, and it is further ordered, that the clerk shall enter a judgment accordingly.