OPINION OF THE COURT
Shlomo S. Hagler, J.
Petitioner Ronald Micca moved by notice of petition and verified petition seeking to reverse, vacate and annul his unsatisfactory rating for the academic school year 2011-2012 issued by respondents Board of Education of the City School District of the City of New York (BOE) and Dennis M. Walcott, in his official capacity as Chancellor of the City School District of the City of New York (Chancellor) (collectively, respondents). Respondents cross-moved for an order pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition on the ground that it fails to state a cause of action. Petitioner opposed the cross motion.
Background
Petitioner is a tenured teacher employed with the BOE. During the 2011-2012 school year, petitioner worked for the BOE as a teacher at I.S. 228 in Community School District 21, Brooklyn, New York. On or about February 9, 2012, Assistant Principal Eric Ierardi (A.P Ierardi) had a pre-observation meeting prior to the formal observation of petitioner teaching a social studies class. A.P Ierardi conducted the formal observation of petitioner in his classroom on February 13, 2012. Two days later on February 15, 2012, A.P Ierardi had a post-observation meeting with petitioner to discuss his observations. On or about February 18, 2012, A.P. Ierardi issued his written report of the formal observation wherein he concluded that petitioner’s teaching performance was unsatisfactory. (Verified petition, exhibit B.) Thereafter, petitioner submitted a written rebuttal to AR Ierardi’s formal observation. (Verified petition, exhibit C.)
For school year 2011-2012, Principal Dominick D’Angelo (Principal D’Angelo) at I.S. 228 completed the requisite “An *223 nual Professional Performance Review” (Annual Review) dated June 14, 2012 and petitioner received an overall unsatisfactory evaluation. (Verified petition, exhibit A.) Principal D’Angelo only recited the February 13, 2012 formal observation by A.P Ierardi in the documentation section of the Annual Review (id.). Petitioner avers that Principal D’Angelo neither observed him in the classroom on February 13, 2012 at the formal observation by A.P Ierardi nor subsequent to that date up to the time he received the unsatisfactory rating. (Verified petition ¶¶ 12, 16.)
Petitioner filed for review or appeal of the unsatisfactory rating and a hearing was conducted on or about September 25, 2012. By letter dated February 14, 2013, the Chancellor’s designee, Senior Deputy Chancellor Shael Polakow-Suransky, denied petitioner’s appeal and sustained the unsatisfactory rating. (Verified petition, exhibit D.)
Thereafter, in or about June 2013, petitioner commenced this CPLR article 78 proceeding challenging the unsatisfactory ratings for school year 2011-2012. Instead of interposing an answer to the verified petition, in or about September 2013, respondents sought to dismiss this proceeding.
Discussion
Standard of Review for Article 78 Proceedings
The standard of review of an administrative determination is set forth in CPLR 7803. The scope is limited to “whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed” (CPLR 7803 [3]). Thus, a court may not disturb an administrative determination unless there is no rational basis for it in the record or the determination is arbitrary or capricious (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]). The arbitrary and capricious test relates to whether the administrative action should have been taken or is justified or if, conversely, the action is without sound basis in reason and is generally taken without regard to the facts (id. at 231).
Arguments
Petitioner alleges that respondents failed to follow their own procedures in evaluating and rating him without the benefit of an observation by the principal, which deprived him of a *224 substantial right pursuant to the handbook issued by respondents’ Division of Human Resources entitled “New York City Public Schools, Rating Pedagogical Staff Members” (rating handbook). The rating handbook sets forth procedures regulating the rating of teachers as follows:
“For teachers under the jurisdiction of the Community School Districts, . . . the following minimum number of required classroom observation is recommended:
“Tenured Staff—'One full period of or composite per year should be made by the Principal, Assistant Principal or Supervisor of Special Education, where appropriate. . . .
“The Principal should observe any teacher for whom an Assistant Principal has submitted a report of an Unsatisfactory observation.” (Verified petition, exhibit F, at 8.)
Specifically, petitioner claims that Principal D’Angelo failed to observe him at any time during the February 13, 2012 formal observation by A.P Ierardi or subsequent to that date up to the time he received the unsatisfactory rating as per the above requirement of the rating handbook.
Respondents strongly challenge the argument that the rating handbook has binding effect because it is neither referenced in the Chancellor’s regulations nor in the BOE’s bylaws. Instead, respondents characterize the material in the rating handbook as “mere guidelines,” “suggestions” and “recommendations” from which deviations alone would be insufficient to support the vacatur of an unsatisfactory rating. Moreover, respondents further argue that they have complied with the technical requirements of the rating handbook as the same does not mandate the principal to observe the petitioner, but is merely permissive as the plain language only recommends that the principal “should observe any teacher for whom an Assistant Principal has submitted a report of an Unsatisfactory observation.” {Id. [emphasis added].)
Distinction between Technical Deficiencies and Violation of Substantial Rights
The issue of the binding effect of the rating handbook has been raised and decided in the trial and appellate courts. Courts are generally reluctant to set aside administrative determinations due to technical deficiencies where the rating officer fails to strictly comply with the procedures set forth in the rating *225 handbook (Matter of Brown v Board of Educ. of the City School Dist. of the City of N.Y., 89 AD3d 486, 487 [1st Dept 2011]). However, where the deficiencies in the review process are not merely technical, “but undermine[ ] the integrity and fairness of the process,” that would amount to a deprivation of a substantial right which is not waivable (Matter of Kolmel v City of New York, 88 AD3d 527, 529 [1st Dept 2011], citing Matter of Blaize v Klein, 68 AD3d 759 [2d Dept 2009], and Matter of Lehman v Board of Educ. of City School Dist. of City of N.Y., 82 AD2d 832, 834 [2d Dept 1981]). Thus, the issue is not so much whether the rating officer dutifully followed the technical requirements, but whether the failure to comply with said requirements deprived the pedagogue of a substantial right. Applying the above analysis, the issue is whether Principal D’Angelo deprived Micca of a substantial right by failing to observe him during or after A.R Ierardi conducted the formal observation of petitioner in his classroom on February 13, 2012.
A review of the recent appellate decisions in the First Department reveals a dearth of authority on the above issue. There appear to be about six significant decisions as follows: Matter of Richards v Board of Educ. of the City Sch. Dist. of the City of N.Y. (117 AD3d 605, 606 [1st Dept 2014] [Court upheld unsatisfactory rating of probationary teacher even though she did not receive mandatory pre-observation conferences for three formal classroom observations because it did not violate a “lawful procedure or substantial right”]); Matter of Applewhite v Board of Educ. of the City Sch. Dist. of the City of N.Y. (115 AD3d 427 [1st Dept 2014] [Court annulled unsatisfactory rating because respondents violated their rating handbook by improperly placing certain disciplinary letters in petitioner’s personnel file which neither contained her signature acknowledging receipt thereof nor a witness’ statement attesting to her refusal to sign said letters]); Matter of Brown v City of New York (111 AD3d 426, 427 [1st Dept 2013] [Principal informally observed probationary teacher for first time at end of Jan. 2010 and formally observed her on Mar. 10, 2010, but petitioner was not provided with the post-observation written unsatisfactory report until June 7, 2010. Assistant principal then formally observed petitioner on June 16, 2010 and provided her with an unsatisfactory written report based on many of the same deficiencies indicated in the principal’s tardy June 7th report. Court annulled the unsatisfactory annual 2009-2010 review because the written reports were provided to petitioner at the end of the *226 school year when there was little time to implement the multiple recommendations. Court held that such deficiencies were not merely technical, but undermined the integrity and fairness of the entire review process]); Matter of Cohn v Board of Educ. of the City Sch. Dist. of the City of N.Y. (102 AD3d 586 [1st Dept 2013] [Court upheld unsatisfactory rating of teacher for 2006-2007 school year even though he did not receive pre-observation conferences prior to every observation because petitioner received an unsatisfactory rating at the end of the prior year, was provided with a professional development plan at the start of the school year, received professional support and, most importantly, the principal and two assistant principals conducted classroom observations documented by letters detailing specific recommendations for continuing deficiencies]); Matter of Kolmel v City of New York (88 AD3d 527, 528-529 [1st Dept 2011] [Probationary teacher challenged the termination of his probationary employment and an unsatisfactory rating for the 2008-2009 school year. Petitioner received satisfactory ratings for three years, but the parties agreed to extend the probation for a fourth year because he would not be recommended for tenure. During the fourth year, petitioner received two satisfactory and two unsatisfactory classroom reports, and an overall year-end unsatisfactory report. Normally, the two unsatisfactory classroom observations could support respondents’ actions. However, the Court held principal’s failure to observe the petitioner during the final two years violated Department of Education (DOE) rules which “require at least one observation by the principal and pre-observation meetings with probationary teachers in danger of U-ratings.” There was also testimony by a DOE employee that the principal pressured assistant principals to give negative ratings without observing the teachers. Therefore, the Court found that the deficiencies in the tenure review and the rating process were “not merely technical, but undermined the integrity and fairness of the process” (emphasis added)]); and Matter of Murnane v Department of Educ. of the City of N.Y. (82 AD3d 576, 576 [1st Dept 2011] [Court held that detailed observation reports by the principal and assistant principal describing the probationary teacher’s “poor performance in class management, engagement of students, and lesson planning” supported the unsatisfactory rating]).
Based upon the above, there appears to be no clear precedent to support an unsatisfactory rating of a pedagogue without any *227 informal or formal classroom observation by the principal. In deciding respondents’ cross motion to dismiss, this court must take as true that Principal D’Angelo didn’t observe Micca in the classroom before he completed the Annual Review for school year 2011-2012 and issued his overall unsatisfactory evaluation. (Verified petition ¶¶ 12, 16; Leon v Martinez, 84 NY2d 83 [1994].) As such, the verified petition states a cause of action in the absence of a more fully developed record supporting respondents’ actions. In other words, respondents must present facts evidencing who conducted pre-observations, informal and/or formal classroom observations, post-observations and timely written reports of the same, along with any justification for the unsatisfactory rating. Pursuant to CPLR 7804 (f), respondents are entitled to interpose an answer to the verified petition contesting the allegations therein. (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100 [1984].)
Conclusion
Accordingly, it is ordered, that respondents’ cross motion for an order pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the verified petition on the ground that it fails to state a cause of action is denied.