■ In the Matter of GAYE WIESNER, Appellant, v CITY OF NEW YORK et al., Respondents. [11 NYS3d 22]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered October 16, 2013, denying the petition seeking to annul respondent Department of Education's (DOE) determination, dated February 14, 2013, which sustained petitioner's unsatisfactory rating for the 2011-2012 school year, granting respondents' cross motion to dismiss the petition, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination sustaining the unsatisfactory annual rating was not arbitrary and capricious or contrary to law (see *Matter of Brennan v City of New York*, 123 AD3d 607, 608 [1st Dept 2014]). Petitioner's contention that her supervisor administered the lesson observation on which the rating was based in an arbitrary and capricious manner is not supported by the record. Similarly, petitioner's contention that the determination was made "in violation of lawful procedure" (CPLR 7803 [3]), because respondents failed to follow procedural safeguards set forth in their own guidelines, lacks merit. DOE's rating handbook does not impart any substantive right to receive a written warning that failure to improve "may result in an unsatisfactory rating" (see *Matter of Richards v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 117 AD3d 605, 606 [1st Dept 2014]). Even assuming that petitioner should have been provided with some written warning, she has not established that the unsatisfactory rating was made in violation of a lawful procedure or substantial right. Additionally, the process was cut short when petitioner went on terminal leave two months after the unsatisfactory observation report, and retired one month later precluding respondents from performing a second observation which is the normal course (see *Matter of Giraldez v Bratton*, 215 AD2d 210, 211 [1st Dept 1995]).

In light of, among other record evidence, the principal's hearing testimony clarifying the reasoning behind the unsatisfactory annual rating, petitioner's contention that the principal violated procedures in the manner in which he completed the annual rating report is unavailing (see *Matter of Brown v Board of Educ. of the City School Dist. of the City of N.Y.*, 89 AD3d 486, 487-488 [1st Dept 2011]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.