■ In the Matter of Carmen Applewhite, Appellant, v Board of Education of the City School District of the City of New York et al., Respondents. [981 NYS2d 513]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered on or about August 10, 2012, which, to the extent appealed from, granted respondents' cross motion to deny the petition to annul petitioner teacher's unsatisfactory annual performance rating (U-rating) for the 2007-2008 school year, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the cross motion denied, the petition granted, and the unsatisfactory rating annulled.

Respondents' determination to sustain petitioner's unsatisfactory performance rating was not rationally based on administrative findings that petitioner acted in an insubordinate manner and refused to adhere to the directives of the principal during the 2007-2008 school year (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Petitioner established that respondents violated their own rules, procedures and guidelines contained in their human resources handbook "Rating Pedagogical Staff Members" by placing certain disciplinary letters in petitioner's personnel file which neither contained her signature acknowledging receipt of the letters nor a witness' statement attesting to her refusal to sign (*see Matter of Kolmel v City of New York*, 88 AD3d 527 [1st Dept 2011]; *and see Matter of Friedman v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 109 AD3d 413 [1st Dept 2013]; *compare Matter of Cohn v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 102 AD3d 586, 587 [1st Dept 2013]). We note that neither the principal who made the allegations nor any other witness testified at the hearing.

Under the circumstances presented here, remittitur to Supreme Court for service of an answer is not warranted, as the facts have been fully presented in the parties' papers and no factual dispute remains (*see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *Matter of Camacho v Kelly*, 57 AD3d 297, 298-299 [1st Dept 2008]). Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.