■ In the Matter of Robyn Wolin, Appellant, v Dennis M. Walcott et al., Respondents. [8 NYS3d 294]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 22, 2014, denying the petition seeking to, among other things, annul respondents' determination, dated July 26, 2012, which terminated petitioner's probationary employment, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination was not made in violation of lawful procedure or in bad faith (*see Matter of Kolmel v City of New York*, 88 AD3d 527, 528 [1st Dept 2011]). Petitioner's unsatisfactory formal observation reports in March and June 2012, as well as her two disciplinary letters, demonstrate that the termination of her probationary employment was made in good faith (*see id.*). Respondents' failure to provide her with the preobservation conferences required by respondent the Department of Education's (DOE) regulations did not, under the circumstances of this case, violate lawful procedure (*see Matter of Richards v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 117 AD3d 605, 606-607 [1st Dept 2014]). The record shows that petitioner received extensive professional support from two master teachers in the science department on a weekly basis from January to June 2012, that her March observation report detailed areas of improvement and made specific recommendations for addressing deficiencies, and that she met with the principal shortly after the March 2012 report. Despite some improvement, petitioner continued to demonstrate instructional deficiencies, as noted in the June 2012 report, leading to the conclusion that she could not meet the needs of the school's students.

Petitioner was not entitled to tenure by estoppel. The record shows that when petitioner resigned from a teaching position with the DOE, she was a probationary employee pursuant to an agreement extending the period of her probation. When the DOE rehired her as a teacher at a different school, the school at issue, she was subject to a new three-year term of probation, which was extended by another agreement. The DOE terminated her employment before the expiration of her extended term of probation. Accordingly, petitioner never taught beyond the expiration of the probationary terms of her employment with the DOE (*see Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1, Hempstead*, 76 AD2d 837 [2d Dept 1980] [the petitioner agreed to forgo any claim to tenure in exchange for the extension of his probationary employment], *affd* 55 NY2d 648 [1981]; *compare Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446

[1993] [the petitioner was entitled to tenure by estoppel where she obtained tenure in her first position and taught beyond the two-year period of her probation in her second position]).

The DOE did not breach the second agreement extending petitioner's probation. In the absence of a showing of bad faith, a violation of law, or a constitutionally impermissible purpose, the DOE could terminate petitioner's probationary employment for any reason or no reason at all (*see Kolmel*, 88 AD3d at 528). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ. ■