■ In the Matter of J. PATRICK BURNS, Petitioner, v TOWN OF CLARKSTOWN et al., Respondents. [679 NYS2d 645] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Police Commission of the Town of Clarkstown, dated May 1, 1997, which, after a hearing, retroactively

terminated certain benefits due to the petitioner's decedent pursuant to General Municipal Law § 207-c, effective March 29, 1996.

Adjudged that the proceeding is dismissed as academic, without costs or disbursements.

Based on the facts asserted by the respondents, which are not disputed by the petitioner, we find that the proceeding was abated by the death of the petitioner's decedent. The petitioner's decedent sought, *inter alia*, to review a determination of the Police Commission of the Town of Clarkstown (hereinafter the Police Commission), dated May 1, 1997, and to reinstate certain benefits pursuant to General Municipal Law § 207-c. The respondents note that although the challenged determination found that these benefits should have terminated effective March 29, 1996, in accordance with General Municipal Law § 207-c, the petitioner's decedent was paid his full salary and all related medical expenses, without cessation, throughout his absence, beginning on October 7, 1994, through his return to work following the Police Commission's determination of May 1, 1997. Thus, even if the Police Commission's determination was flawed, the decedent lost no salary, wages, or other benefits, and the estate is owed nothing. Consequently, the proceeding abated with his death (*see generally, Matter of Schulz v Rush-Henrietta Cent. School Dist. Bd. of Educ.*, 222 AD2d 1015).

In light of our determination, we have not considered the parties' remaining contentions. Mangano, P. J., Miller, Thompson and Pizzuto, JJ., concur.