■ In the Matter of WILLIAM KOLMEL, Appellant, v CITY OF NEW YORK et al., Respondents. [930 NYS2d 573]—

The record shows that following three years of probationary service as a high school social studies teacher, petitioner had received satisfactory reviews and year-end reports. However, petitioner was informed he would not be recommended for tenure that year and agreed to enter into an agreement extending his probation through the 2008-2009 school year. During this

fourth year, petitioner received two satisfactory and two unsatisfactory classroom reports, two letters to the file for unbecoming conduct, and his principal gave him an unsatisfactory rating in each category on the year-end report (except voice and appearance, which were left blank) and an overall U-rating. As a result, it was recommended that petitioner be denied certification of completion of probation, which required termination of his service and precluded him from being hired by any other high school in the City.

"[A] . . . probationary employee may be discharged for any or no reason at all in the absence of a showing that his or her dismissal was in bad faith, for a constitutionally impermissible purpose or in violation of law" (*Matter of Brown v City of New York*, 280 AD2d 368, 370 [2001]; *see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 765 [1988]). "Evidence in the record supporting the conclusion that performance was unsatisfactory establishes that the discharge was made in good faith" (*Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]); the same standard applies when a teacher challenges a "U" rating (*see Batyreva v New York City Dept. of Educ.*, 50 AD3d 283 [2008]).

Here, the two negative classroom observations cited in the year-end report, which criticized petitioner's manner of asking questions, and the file letters, could rationally support a finding that petitioner had not developed into a proficient high school social studies teacher, following three years of suggestions and assistance (*see e.g. Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576 [2011]).

However, petitioner submitted evidence that the principal who made the determination to award the 2008-2009 U-rating did not observe petitioner's teaching during either of his final two years at the school. This was in violation of DOE's rules concerning teacher rankings, which require at least one observation by the principal and pre-observation meetings with probationary teachers in danger of U-ratings. Furthermore, the year-end report, on its face, was completed by the principal in an arbitrary manner, including unsatisfactory rankings in every category, even where unsupported by any evidence or contradicted by evidence in the report itself. Petitioner's assertion that the principal stated at the administrative hearing that she did not rely on the file letters in making her tenure recommendation is not disputed by respondents. Petitioner also submitted a statement by a current DOE employee who formerly worked at the high school, that the principal pressured assistant principals to give negative U-ratings without observing the

teachers. These deficiencies in the review process leading to the recommendation to deny tenure and terminate petitioner's employment are not merely technical, but undermined the integrity and fairness of the process (*see Matter of Blaize v Klein*, 68 AD3d 759 [2009]; *Matter of Lehman v Board of Educ. of City School Dist. of City of N.Y.*, 82 AD2d 832, 834 [1981]; *compare Matter of Davids v City of New York*, 72 AD3d 557, 558 [2010] [technical failure to follow rules not bad faith where delays were undertaken in attempt to allow petitioner to bring his performance up to standards]). Concur—Mazzarelli, J.P., Moskowitz, Acosta, Renwick and DeGrasse, JJ. **[Prior Case History: 2010 NY Slip Op 31350(U).]**