In the Matter of AISHA BROWN, Appellant, v CITY OF NEW YORK et al., Respondents. [974 NYS2d 391]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered July 19, 2012, denying the petition to, inter alia, annul the determination of respondent New York City Department of Education (DOE) to terminate petitioner's probationary employment effective July 31, 2010 and to affirm petitioner's unsatisfactory rating (U-rating) for the 2009-2010 school year, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, the petition granted to the extent of annulling the U-rating, and otherwise affirmed, without costs.

There is no dispute that the termination of petitioner's probationary employment went into effect on July 31, 2010, but that she did not initiate the instant proceeding until December 14, 2011, well after the expiration of the four-month statute of limitations period (*see* CPLR 217 [1]). Accordingly, insofar as the petition challenges her termination, it is untimely (*see Kahn v New York City Dept. of Educ.*, 18 NY3d 457, 462 [2012]). However, the petition is timely to the extent it challenges the issuance of the 2009-2010 annual U-rating, since that determination did not become final until DOE affirmed it on January 27, 2012.

The evidence shows that following petitioner's first year as a probationary special education teacher in 2008-2009, she received a satisfactory rating and also received a satisfactory

review for her teaching during the summer 2009 session. Petitioner was not assigned a coach until the third month of the 2009-2010 school year, and the principal informally observed her teaching for the first time at the end of January 2010, the day after petitioner had asked for help and complained that her literacy coach was ineffective. Pursuant to the principal's January 28, 2010 observation of her literacy class, petitioner received a written evaluation generally criticizing her for failing to have a daily lesson plan. The principal formally observed petitioner's literacy lesson on March 2, 2010, and again rated it unsatisfactory, but, petitioner was not provided with the post-observation written evaluation until June 7, 2010. The report listed a litany of criticisms, none of which centered on the deficiencies noted in the informal observation. Petitioner was again formally observed by the assistant principal on June 16, 2010, and the written evaluation, provided to petitioner on June 24th, noted many of the same deficiencies indicated in the June 7th report. The principal issued the 2009-2010 annual professional performance review on June 22, 2010, rating petitioner unsatisfactory for the year, and recommending discontinuance of her probationary employment.

Petitioner invoked DOE's administrative procedures to appeal the U-rating and the Chancellor's Committee held a hearing, but DOE did not issue a final decision for more than year, which prompted the filing of the instant proceeding. In the meantime, DOE ultimately issued its final determination in which it affirmed the U-rating and in doing so, it refused to adopt the recommendation of the Chancellor's Committee, which was to sustain petitioner's appeal and reverse the U-rating.

Under the circumstances presented, we find that the U-rating should be annulled. The record shows that upon timely receipt of the written report pertaining to the January 2010 observation, petitioner implemented its recommendations, and the deficiency was not noted in the subsequent formal observations. In addition, the principal failed to provide the written evaluation of the March 2nd formal observation for more than three months, and it was received at the end of the school year when there was little time to implement the multiple recommendations. Petitioner's next formal observation came only nine days after receiving the report of the March observation and, not surprisingly, the results indicated that she had not implemented the suggestions.

In view of the foregoing, we find that the deficiencies in the rating of petitioner were not merely technical, but undermined the integrity and fairness of the entire review process (*see Mat-*

*ter of Kolmel v City of New York*, 88 AD3d 527, 529 [1st Dept 2011]; *Matter of Blaize v Klein*, 68 AD3d 759 [2d Dept 2009]; *compare Matter of Cohn v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 102 AD3d 586 [1st Dept 2013]). Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ. [**Prior Case History: 2012 NY Slip Op 31472(U).**]