■ In the Matter of DARLENE GUMBS, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. [4 NYS3d 169]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered June 13, 2013, denying the petition to annul petitioner's unsatisfactory rating for the 2011-2012 school year and discontinuance of her probationary employment as a guidance counselor, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition granted, the unsatisfactory rating and discontinuance of employment annulled, and the matter remanded to respondents for further proceedings.

The record demonstrates deficiencies in the performance review process resulting in petitioner's unsatisfactory rating (U-rating) for the 2011-2012 school year that were not merely technical, but undermined the integrity and fairness of the process (see Matter of Kolmel v City of New York, 88 AD3d 527, 529 [1st Dept 2011]; Matter of Brown v City of New York, 111 AD3d 426 [1st Dept 2013]). Petitioner had received a satisfactory rating for the 2010-2011 school year. She did not receive the disciplinary letters underlying the U-rating for the 2011-2012 school year until June 20, 2012, at the end of the school year. Moreover, her receipt of the letters was contemporaneous with the issuance of the U-rating and recommendation of discontinuance. Thus, petitioner received scant notice of respondents' concerns about her performance and had little opportunity to improve her performance.

Even assuming petitioner was aware, via certain email and other correspondence, of the facts and circumstances underlying the respective disciplinary letters, there is no evidence to suggest that these communications, made in the ordinary course of petitioner's employment as a probationary guidance counselor, would have alerted her that her year-end rating or her employment was at risk. We note also, in light of the range of dates of the incidents referred to in the disciplinary letters, that no explanation has been given for respondents' failure to bring their concerns to petitioner's attention before June 2012. Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 31132(U).]**