■ In the Matter of NASSAU COMMUNITY COLLEGE FEDERATION OF TEACHERS, LOCAL 3150, et al., Appellants, v NASSAU COMMUNITY COLLEGE et al., Respondents, and NASSAU COUNTY COMMUNITY COLLEGE FOUNDATION, Respondent. [6 NYS3d 604]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination by Nassau County Community College Foundation dated March 8, 2012, which denied the petitioners' request pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Feinman, J.), dated February 25, 2013, which granted the motion of Nassau County Community College Foundation to dismiss the petition insofar as asserted against it and, in effect, dismissed the proceeding insofar as asserted against Nassau County Community College Foundation.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the motion of Nassau County Community College Foundation to dismiss the petition insofar as asserted against it is denied, and the petition is reinstated insofar as asserted against Nassau County Community College Foundation.

The respondent Nassau Community College (hereinafter the College) is a public college, chartered under Education Law article 126, which is sponsored and partially funded by Nassau County, and governed by a Board of Trustees. The respondent Nassau County Community College Foundation (hereinafter the Foundation) is a not-for-profit corporation created in 1979 to support the College's mission.

On March 5, 2012, the petitioners sent a request pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) to the Foundation, seeking the production of certain documents. On March 8, 2012, the Foundation responded to those requests by stating that the Foundation is not a governmental agency and, therefore, is not subject to FOIL. After making another request and receiving another denial, the petitioners commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to review the Foundation's determination that it was not a public agency subject to FOIL. The Foundation moved pursuant to CPLR 7804 (f) and, in effect, CPLR 3211 (a) (1) to dismiss the petition insofar as asserted against it. The Supreme Court granted the Foundation's motion and, in effect, dismissed the proceeding insofar as asserted against the Foundation. The petitioners appeal.

FOIL "was enacted 'to promote open government and public accountability' and 'imposes a broad duty on government to make its records available to the public'" (*Matter of Cook v Nassau County Police Dept.*, 110 AD3d 718, 719 [2013], quoting *Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]). All "public agencies" are subject to FOIL (*Matter of Perez v City Univ. of N.Y.*, 5 NY3d 522, 528 [2005]). An "agency" is "any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature" (Public Officers Law § 86 [3]; *see Matter of Perez v City Univ. of N.Y.*, 5 NY3d at 529).

On the Foundation's motion pursuant to CPLR 7804 (f) and, in effect, CPLR 3211 (a) (1) to dismiss the petition insofar as asserted against it, the Foundation had the burden to provide documentary evidence that "utterly refute[d] [the petitioner's] factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Matter of Oliner v Sovereign Bank*, 123 AD3d 1041 [2014]; *Matter of Oddone v Suffolk County Police Dept.*, 96 AD3d 758, 760 [2012]; *Mendelovitz v Cohen*, 37 AD3d

670 [2007]; CPLR 3211 [a] [1]). The Foundation failed to do so, as it failed to establish that it lacks the attributes of a public entity (*see Matter of Perez v City Univ. of N.Y.*, 5 NY3d at 528; *Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488 [1994]; *Lugo v Scenic Hudson*, 258 AD2d 626 [1999]; *Matter of Rumore v Board of Educ. of City School Dist. of Buffalo*, 35 AD3d 1178, 1180 [2006]).

Accordingly, the Supreme Court should have denied the Foundation's motion pursuant to CPLR 7804 (f) and, in effect, CPLR 3211 (a) (1) to dismiss the petition insofar as asserted against it. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.