SC et al., Appellants, v MONROE WOODBURY CENTRAL SCHOOL DISTRICT et al., Respondents. [23 NYS3d 906]—

In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated November 19, 2013, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a), in effect, to dismiss the complaint for failure to exhaust administrative remedies.

Ordered that the order is affirmed insofar as appealed from, with costs.

Allegations that a public school failed to adopt and implement adequate policies and procedures to prevent bullying and

harassment should be addressed, in the first instance, to the Commissioner of Education (*see* Education Law § 310; *cf. Matter of North Syracuse Cent. School Dist. v New York State Div. of Human Rights*, 19 NY3d 481, 495 [2012]). Thus, contrary to the plaintiffs' contention, the Supreme Court correctly determined that they failed to exhaust administrative remedies before commencing this action (*see* Education Law § 310 [7]; *Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ.*, 63 AD3d 943, 944 [2009]; *see also Matter of R.B. v Department of Educ. of the City of N.Y.*, 115 AD3d 440, 440-441 [2014]; *Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 88 AD3d 72, 80 [2011]; *Rubino v City of New York*, 209 AD2d 681, 681 [1994]). They also failed to establish the applicability of any exception to the exhaustion of administrative remedies doctrine (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ.*, 63 AD3d at 944). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a), in effect, to dismiss the complaint for failure to exhaust administrative remedies. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.