■ In the Matter of PAUL SYBALSKI et al., Appellants, v KERRY A. DELANEY, Acting Commissioner, New York State Office for People with Developmental Disabilities, et al., Respondents. [30 NYS3d 910]—

In a proceeding pursuant to CPLR article 78 to review determinations of the New York State Office for People with Developmental Disabilities, dated June 27, 2014, and July 1, 2014, respectively, restricting the petitioners' visitation with their adult son to locations outside the group home in which he resides, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Parga, J.), dated January 26, 2015, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the appeal by the petitioner Marilyn Sybalski is dismissed as academic; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The petitioners commenced this CPLR article 78 proceeding to review determinations of the New York State Office for People with Developmental Disabilities (hereinafter the OPWDD), dated June 27, 2014, and July 1, 2014, respectively, which restricted their visitation with their adult son, who resides in a group home operated by the OPWDD. The Supreme Court, in effect, denied the petition and dismissed the proceeding.

The appeal by the petitioner Marilyn Sybalski must be dismissed as academic, as she died during the pendency of this appeal, and her challenge to the visitation determination of the OPWDD abated with her death (*see Matter of Burns v Town of Clarkstown*, 255 AD2d 314 [1998]; *Scott v Scott*, 140 AD2d 602 [1988]; *cf. Matter of City of Rome v State of N.Y. Pub. Empl. Relations Bd.*, 283 AD2d 817 [2001]).

"As a general rule, 'one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law' " (*Matter of Keener v City of Middletown*, 115 AD3d 859, 860 [2014], quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of LaRocca v Department of Planning, Envt., & Dev. of Town of Brookhaven*, 125 AD3d 659 [2015]; *Matter of Henderson v Zoning Bd. of Appeals*, 72 AD3d 684, 685-686 [2010]; *Matter of We're Assoc. Co. v Commissioner of Dept. of Planning & Dev. of Town of Oyster Bay*, 185 AD2d 820, 821 [1992]).

Here, the petitioners failed to pursue an available administrative remedy under 14 NYCRR 633.12 (a) (8) (*see* 14 NYCRR 633.4 [a] [9]). Moreover, the petitioners failed to establish that an exception to the exhaustion doctrine was applicable (*see Matter of LaRocca v Department of Planning, Envt., & Dev. of Town of Brookhaven*, 125 AD3d at 659; *Matter of Keener v City of Middletown*, 115 AD3d at 860). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Dillon, J.P., Austin, Maltese and Barros, JJ., concur.