■ In the Matter of HELISSE PALMORE et al., Appellants, v BOARD OF EDUCATION OF HEMPSTEAD UNION FREE SCHOOL DISTRICT et al., Respondents. [44 NYS3d 509]—

In a proceeding pursuant to CPLR article 78 to review three determinations of the respondent Board of Education of the Hempstead Union Free School District dated June 19, 2014, terminating the petitioners' probationary employment as school principals, the petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Janowitz, J.), entered April 28, 2015, as granted that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioners commenced this proceeding pursuant to CPLR article 78 to review three determinations of the respondent Board of Education of the Hempstead Union Free School District dated June 19, 2014, terminating their probationary employment as principals with the Hempstead Union Free School District. The petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, entered April 28, 2015, as granted that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, denied the petition, and dismissed the proceeding. We affirm.

On a motion to dismiss a petition pursuant to CPLR 3211 (a) (1), the movant has the burden of providing documentary evidence that utterly refutes the petitioner's factual allegations, "conclusively establishing a defense as a matter of law" (*Matter of Nassau Community Coll. Fedn. of Teachers, Local 3150 v Nassau Community Coll.*, 127 AD3d 865, 866 [2015] [internal quotation marks omitted]). "On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), the factual allegations in the pleading must be deemed true, and the petitioner must be afforded the benefit of every favorable inference" (*Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d 27, 36 [2014]). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Matter of Clavin v Mitchell*, 131 AD3d 612, 614 [2015]). "As a general rule, one

who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Matter of Sybalski v Delaney*, 140 AD3d 776, 777 [2016] [internal quotation marks omitted]).

A board of education has the right to terminate the employment of a probationary teacher or principal at any time and for any reason, unless the teacher or principal "establishes that the termination was for a constitutionally impermissible purpose, violative of a statute, or done in bad faith" (*Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 765 [1988]; *see* Education Law §§ 2573 [1]; 3012 [1]; *Sweeny v Millbrook Cent. Sch. Dist.*, 130 AD3d 1011, 1012 [2015]; *Matter of Johnson v New York City Dept. of Educ.*, 73 AD3d 927, 927 [2010]). Here, the evidence submitted by the respondents conclusively established that the terminations of the probationary employment of the petitioners were based on "ineffective" ratings that the petitioners had received on their annual professional performance reviews, and were not for a constitutionally impermissible purpose, violative of a statute, or done in bad faith (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Zarinfar v Board of Educ. of the City School Dist. of the City of N.Y.*, 93 AD3d 466, 467 [2012]; *Rivers v Board of Educ. of City School Dist. of City of N.Y.*, 66 AD3d 410, 411 [2009]). To the extent that the petitioners are challenging the ratings they received on their reviews, the evidence conclusively demonstrates that the petitioners have failed to exhaust their administrative remedies, as they failed to avail themselves of an appeals procedure established pursuant to Education Law § 3012-c (5) (a) (*see Matter of Sybalski v Delaney*, 140 AD3d at 777; *SC v Monroe Woodbury Cent. Sch. Dist.*, 136 AD3d 650, 651 [2016]).

Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, denied the petition, and dismissed the proceeding.

The respondents' remaining contention is without merit. Chambers, J.P., Miller and Brathwaite Nelson, JJ., concur.

Dickerson, J., dissents, and votes to reverse the order and judgment insofar as appealed from, on the law, and deny that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, reinstate the petition, and grant the petition to the extent of annulling the determinations to terminate the petitioners' probationary employment as principals, with the following memorandum: In July 2010, the petitioners were appointed to three-year probationary terms as

principals of various schools in the Hempstead Union Free School District (hereinafter the School District).

Pursuant to a memorandum of agreement between the School District and the Hempstead Supervisors and Administrators' Association, annual professional performance reviews (hereinafter APPR) of principals in the School District "will be considered as a significant factor in employment . . . decisions although, regardless of any APPR, the District retains its rights to terminate principals for lawful reasons other than professional competence as provided by applicable law." The memorandum of agreement also provided that "APPRs will not be grievable, but will be subject to [an] appeals procedure," similar to the statutory appeals procedure for APPRs set forth under Education Law § 3012-c (5) (a).

On April 18, 2013, the Board of Education of the School District (hereinafter the Board) voted to terminate the petitioners' probationary employment prior to the expiration of their probationary period based on recommendations from Susan Johnson, the Superintendent of Schools (hereinafter the Superintendent). In June 2013, the petitioners, among others, commenced a prior proceeding pursuant to CPLR article 78, inter alia, to annul the determinations to terminate their employment, and to direct the Board, the School District, and the Superintendent (hereinafter collectively the respondents) to reinstate their employment.

In an order and judgment entered March 26, 2014, the Supreme Court, among other things, granted that branch of the petition which was to annul the determinations to terminate the petitioners' employment, but otherwise denied the petition. The court determined that the respondents failed to conduct or consider APPRs, which shall be a "significant factor" for employment decisions, including termination, pursuant to Education Law § 3012-c (1) and the memorandum of agreement. The respondents' appeal from the order and judgment was dismissed for failure to timely perfect.

In May 2014, the petitioners moved to direct the respondents to reinstate their employment with back pay and benefits based on the order and judgment entered March 26, 2014. In an order entered June 18, 2014, the Supreme Court denied the petitioners' motion. On a companion appeal, this Court is affirming that order on the grounds that (1) the petitioners could not contest the order on appeal to the extent their motion is treated as a motion pursuant to CPLR 5019 (a) for resettlement; and (2) the petitioners failed to demonstrate their entitlement to relief under CPLR 5015 (a) (*see Matter of Evans v Board of*

*Educ. of Hempstead Union Free Sch. Dist.*, 145 AD3d 1064 [2016] [decided herewith]).

In May 2014, the School District sent letters to the petitioners advising them for a second time that their employment would be terminated, effective July 30, 2014, based on recommendations from the Superintendent. Each of the May 2014 letters to the petitioners stated that "in addition to other reasons, including misconduct, *the Superintendent . . . has considered as a significant factor in her decision to recommend termination the APPR evaluation of your performance during the 2012-2013 school year*" (emphasis added).

In November 2014, the petitioners commenced the instant proceeding pursuant to CPLR article 78 to annul the second determinations to terminate their employment and to reinstate their employment, with back pay and benefits. In an accompanying affidavit, the petitioner Helisse Palmore averred that the School District failed to comply with various requirements under Education Law § 3012-c for APPRs, including basing the assessment on "multiple school visits by a supervisor, a trained administrator or other trained [independent] evaluator, with at least one [or more] visit[s] conducted by the supervisor" (Education Law § 3012-c [2] [h] [4]). Palmore explained that the second termination was "a fiction" because there was no opportunity for observations of the petitioners' performance during school visits given that their employment was never reinstated following the original terminations of employment.

In an affidavit submitted in opposition to the petition, Rodney Gilmore, the Associate Superintendent for Human Resources for the School District, averred that following the order and judgment entered March 26, 2014, he conducted APPRs for each of the petitioners. He stated that "[t]o be completely fair to the Petitioners, I gave each of the Petitioners the best score possible for the sixty percent (60%) of the APPR that involved evaluations, observations, and other locally developed criteria," although "[t]he District did not conduct such evaluations and observations." Gilmore declined to award the petitioners 10 points for timely submission of "Plans and Goals," which comprised 10 of 60 possible points in the aforementioned criteria. With regard to the remaining 40% of the total score, Gilmore awarded each of the petitioners 10 out of 20 points for the New York State Growth measure, and awarded 0 out of 20 points to the petitioners James Thomas and David Evans for the District-Local Measure, and 4 out of 20 points to Palmore for that measure; this resulted in a total

score of 60 out of 100 points for Evans and Thomas, and 64 out of 100 points for Palmore, which constituted an "Ineffective rating."

In December 2014, the respondents moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the petition. In support of the motion, the respondents argued, among other things, that the School District had conducted the APPRs and "undertaken the necessary process to cure any defect in the first terminations." In an order and judgment entered April 28, 2015, the Supreme Court, inter alia, granted that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, denied the petition, and dismissed the proceeding. The Supreme Court determined that the APPR ratings "provided a sufficient basis for respondents' decision to terminate [the] petitioners." The petitioners appeal.

My colleagues in the majority agree with the Supreme Court's determination based on the probationary status of the petitioners' employment. I respectfully disagree and find that the subject determinations to terminate the petitioners' employment should be annulled because the School District acted in violation of Education Law § 3012-c and in bad faith. Accordingly, I vote to reverse the order and judgment entered April 28, 2015, insofar as appealed from, deny that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, and grant the petition to the extent of annulling the determinations to terminate the petitioners' employment.

As the majority correctly recognizes, a probationary principal may be dismissed for any reason, or no reason at all, absent a showing that the principal was "dismissed in bad faith or for an improper or impermissible reason" (*Matter of Castro v Schriro*, 140 AD3d 644, 647 [2016]; *see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 767 [1988]; *Sweeny v Millbrook Cent. Sch. Dist.*, 130 AD3d 1011, 1012 [2015]). Nevertheless, judicial review is permitted as to whether the decision to terminate a probationary principal was made "in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Johnson v County of Orange*, 138 AD3d 850, 851 [2016]; *see Matter of Petkewicz v Allers*, 137 AD3d 1045, 1046 [2016]; *Matter of Lane v City of New York*, 92 AD3d 786, 786 [2012]).

Here, the respondents failed to comply with certain statutory requirements pursuant to Education Law § 3012-c in conducting the APPR process. First, the respondents did not conduct

"multiple school visits by a supervisor, a trained administrator or other trained evaluator," as required by Education Law § 3012-c (2) (h) (4). In fact, it would have been impossible for the respondents to comply with that requirement after the original termination without reinstating the petitioners' employment. Second, the respondents did not "formulate and commence implementation of a . . . principal improvement plan" for the petitioners to identify "needed areas of improvement, a timeline for achieving improvement, the manner in which improvement will be assessed, and, where appropriate, differentiated activities to support . . . improvement in those areas" (Education Law § 3012-c [4]). While Gilmore gave each of the petitioners "the best score possible" for the portion of the APPR involving evaluations and observations, conducting school visits could have resulted in "identification of needed areas of improvement," to be implemented in a principal improvement plan (Education Law § 3012-c [4]). Thus, it would be speculative to presume that school visits could not have improved the petitioners' scores in the New York State Growth and District-Local Measures, which comprised 40% of the total score on the APPRs. Moreover, Gilmore's assignment of "the best score possible" for 50 out of 100 points, without conducting any observations or evaluations of the principals, reveals that the APPR process, which is focused on "improv[ing] educator effectiveness," was carried out in an arbitrary manner simply to overcome the basis identified by the court in the order and judgment entered March 26, 2014, for annulling the original terminations (see Education Law § 3012-c [9] [a]). In addition, there is no indication in the record that the petitioners were provided with the APPRs by the statutory deadline of "September first of the school year next following the school year for which the . . . principal's performance is being measured," namely by September 1, 2013 (Education Law § 3012-c [2] [c] [2]).

Notwithstanding the probationary nature of the petitioners' employment, I find that the record demonstrates deficiencies in the statutory APPR process that "were not merely technical but undermined the integrity and fairness of the process" (*Matter of Taylor v City of New York*, 139 AD3d 430, 433 [2016]; *see Matter of Gumbs v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 125 AD3d 484, 485 [2015]; *Matter of Brown v City of New York*, 111 AD3d 426, 427-428 [2013]; *Matter of Kolmel v City of New York*, 88 AD3d 527, 528-529 [2011]; *see also Matter of Blaize v Klein*, 68 AD3d 759, 761 [2009]). While it is conceivable that compliance with the statutory requirements would not have resulted in the petitioners receiving an adequate score

to maintain their employment, it cannot be said that the respondents engaged in a fair process where the petitioners were not given any opportunity to be observed or to implement any improvements. Therefore, contrary to the opinion of my colleagues in the majority, I am unable to determine that the terminations of the petitioners' employment was not violative of a statute or done in bad faith (*cf. Rivers v Board of Educ. of City School Dist. of City of N.Y.*, 66 AD3d 410, 411 [2009]).

In rendering this opinion, I do not take the position that it was necessarily improper for the respondents to initially terminate the petitioners' employment, without consideration of APPRs, since a probationary employee may be dismissed for any reason, or no reason at all, as long as the dismissal was in good faith (*see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d at 767; *Matter of Castro v Schriro*, 140 AD3d at 647). However, the respondents neglected to timely perfect their appeal from the order and judgment entered March 26, 2014, annulling the original terminations based on the respondents' failure to conduct or consider APPRs, and instead chose to conduct APPRs to address the court's basis for annulling the original terminations. Having elected to proceed with the APPR process, I find that it was incumbent on the respondents to comply with the statutory requirements of Education Law § 3012-c, and that the respondents instead conducted an illusory process to justify the original terminations.

Furthermore, it is noted that while Education Law § 3012-c (1) provides that "nothing in this section shall be construed to affect the unfettered statutory right of a school district or board of cooperative educational services to terminate a probationary . . . principal for any statutorily and constitutionally permissible reasons," I do not read that provision to mean that the statutory requirements of Education Law § 3012-c may be excused for probationary employees where APPRs are the stated basis for the termination of employment. Rather, that provision refers to other "statutorily and constitutionally permissible reasons, *including but not limited to misconduct*" (Education Law § 3012-c [1] [emphasis added]). Here, while the May 2014 letters to the petitioners stated that unspecified "misconduct" also served as a basis for the terminations at issue, the respondents have abandoned that position, focusing exclusively on the APPRs as justification for the terminations both on their motion to dismiss the subject petition and on this appeal.

Lastly, it is true, as the majority points out, that the petition-

ers are precluded from challenging the ratings they received on the APPRs, since they failed to avail themselves of an appeals procedure set forth under Education Law § 3012-c (5) (a) (*see Matter of Sybalski v Delaney*, 140 AD3d 776, 777 [2016]). Nevertheless, the petitioners' challenge to the subject terminations is not limited to the ratings received on the APPRs, but also to the respondents' failure to reinstate their employment after the original terminations so as to conduct a meaningful APPR process and various statutory violations as discussed above. The appeals process set forth under Education Law § 3012-c (5) (a) applies only to "the substance of the [APPRs]"; "adherence to the standards and methodologies required for such reviews" (pertaining to the scores required for specific ratings such as "Ineffective"); "adherence to the regulations of the commissioner and compliance with any applicable locally negotiated procedures"; and the "issuance and/or implementation of the terms of [a] . . . principal improvement plan." Thus, to the extent the petitioners seek to challenge the respondents' failure to comply with "any applicable locally negotiated procedures," such as those set forth in the memorandum of agreement, they would need to avail themselves of the appeals procedure pursuant to Education Law § 3012-c (5) (a); however, Education Law § 3012-c (5) (a) does not provide that the appeals procedure covers disputes over compliance with the statutory requirements of that section. Further, while the appeals process covers any disputes regarding the "issuance and/or implementation *of the terms* of [a] . . . principal improvement plan" (Education Law § 3012-c [5] [a] [emphasis added]), the petitioners are not challenging "the terms" of a principal improvement plan, but rather the respondents' failure to "formulate and commence implementation of a . . . principal improvement plan" as required under Education Law § 3012-c (4). Consequently, I find that the appeals procedure set forth under Education Law § 3012-c (5) (a) does not preclude judicial review of the subject proceeding. In any event, as discussed above, judicial review is permitted as to whether a decision to terminate a probationary principal was made "in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Johnson v County of Orange*, 138 AD3d at 851; *see Matter of Petkewicz v Allers*, 137 AD3d at 1046; *Matter of Lane v City of New York*, 92 AD3d at 786).

Accordingly, I vote to reverse the order and judgment entered April 28, 2015, insofar as appealed from, deny that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, reinstate the petition, and grant the

petition to the extent of annulling the determinations to terminate the petitioners' employment as principals. I decline to vote to grant the petition in full so as to reinstate the petitioners' employment, with back pay and benefits, since the petitioners make no claim to have acquired tenure by estoppel, nor is the record sufficient to support such a claim (*cf. Matter of Brown v Board of Educ. of Mahopac Cent. Sch. Dist.*, 129 AD3d 1067, 1071 [2015]). Thus, the petitioners, as probationary employees, would still be subject to termination of their employment for any reason, or no reason at all, absent a showing that they were "dismissed in bad faith or for an improper or impermissible reason" (*Matter of Castro v Schriro*, 140 AD3d at 647; *see Matter of Frasier v Board of Educ.*, 71 NY2d at 767). However, in the event the respondents elect, as they did here, to base the dismissal on the ratings received on APPRs, they must engage in a meaningful and fair process in accordance with the requirements of Education Law § 3012-c.