Matter of Jonmark Corp. v New York State Liq. Auth. (2018 NY Slip Op 03248)





Matter of Jonmark Corp. v New York State Liq. Auth.


2018 NY Slip Op 03248


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


289 CA 17-01430

[*1]IN THE MATTER OF JONMARK CORPORATION, DOING BUSINESS AS PREMIUM WINE & SPIRITS, PETITIONER-APPELLANT,
v
NEW YORK STATE LIQUOR AUTHORITY AND ADDYS WINE AND SPIRITS, INC., RESPONDENTS-RESPONDENTS. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MATTHEW D. MILLER OF COUNSEL), FOR PETITIONER-APPELLANT. 
CHRISTOPHER R. RIANO, GENERAL COUNSEL, NEW YORK STATE LIQUOR AUTHORITY, BUFFALO (JAIME C. GALLAGHER OF COUNSEL), FOR RESPONDENT-RESPONDENT NEW YORK STATE LIQUOR AUTHORITY. 
WALSH, ROBERTS & GRACE, BUFFALO (MARK P. DELLA POSTA OF COUNSEL), FOR RESPONDENT-RESPONDENT ADDYS WINE AND SPIRITS, INC. 


 Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 8, 2017 in a CPLR article 78 proceeding. The judgment, inter alia, dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: We affirm for reasons stated in the decision at Supreme Court, which determined that the decision of respondent New York State Liquor Authority to allow respondent Addys Wine and Spirits, Inc. (Addys) to move its licensed liquor store to a new location on the same street on which it was already located was not arbitrary and capricious. We add only that, contrary to the contention of petitioner, the court did not err in granting Addys' pre-answer CPLR 3211 (a) (7) motion to dismiss the petition against it. Where " evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one' " (Matter of Palmore v Board of Educ. of Hempstead Union Free Sch. Dist., 145 AD3d 1072, 1073 [2d Dept 2016], lv denied 30 NY3d 905 [2017]; see generally Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). Here, the facts essential to petitioner's causes of action have "been negated beyond substantial question by the [evidentiary material] submitted [with the petition] so that it might be ruled that [petitioner] does not have [a] cause[] of action" (Guggenheimer, 43 NY2d at 275).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court