Matter of Mixon v Wickett (2021 NY Slip Op 04416)





Matter of Mixon v Wickett


2021 NY Slip Op 04416


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


20 CA 18-02033

[*1]IN THE MATTER OF CHARLIE MIXON, PETITIONER-APPELLANT,
v
GREGORY G. WICKETT, CHIEF OF POLICE, DEPARTMENT OF POLICE, TOWN OF HAMBURG, RESPONDENT-RESPONDENT. 






CHARLIE MIXON, PETITIONER-APPELLANT PRO SE. 
BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (DAVID S. WHITTEMORE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered September 19, 2018 in a CPLR article 78 proceeding. The judgment granted the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent to comply with petitioner's request pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6) relating to evidence collected in a criminal action that resulted in petitioner's conviction of arson and murder charges. Specifically, in a letter, petitioner made a single request of respondent, i.e., for respondent to submit certain cotton swabs stored in evidence box number seven for forensic testing pursuant to Executive Law § 838-a (1) (d). Petitioner now appeals from a judgment granting respondent's motion seeking dismissal of the petition pursuant to CPLR 3211 (a) (1) and 7804 (f). We affirm.
To the extent that petitioner's contentions on appeal relate to the cotton swabs stored in evidence box number seven, we reject petitioner's contentions. In order to meet his burden on his motion, respondent was required to provide documentary evidence that "utterly refute[d] [petitioner's] factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Matter of Nassau Community Coll. Fedn. of Teachers, Local 3150 v Nassau Community Coll., 127 AD3d 865, 866-867 [2d Dept 2015]). Here, in support of his motion, respondent established that Executive Law § 838-a deals with sexual offense evidence kits, whereas the only cotton swabs in evidence box number seven had been used to collect a "grease-like substance [found] on the washer/dryer" in the home of the victims, and thus no sexual offense evidence existed in petitioner's criminal case. Because respondent was "under no obligation to furnish [materials that he did] not possess" (Matter of Rivette v District Attorney of Rensselaer County, 272 AD2d 648, 649 [3d Dept 2000]; see generally Matter of Council of City of N.Y. v Bloomberg, 6 NY3d 380, 388 [2006]), the evidence submitted by respondent "utterly refute[d] [petitioner's] factual allegations" with respect to the cotton swabs in evidence box number seven, thereby "conclusively establishing a defense as a matter of law" thereto (Goshen, 98 NY2d at 326; see generally Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]).
To the extent that petitioner's contentions on appeal relate to allegations in the petition concerning swabs allegedly taken at the autopsy of one of the victims, petitioner's contentions are not properly before us. Inasmuch as petitioner's FOIL request to respondent did not include autopsy swabs, he failed to exhaust his administrative remedies concerning that purported [*2]evidence, and we "have no discretionary power to reach" petitioner's contentions concerning it (Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]; see Matter of Di Pietro v State Ins. Fund, 206 AD2d 211, 214-215 [4th Dept 1994]; see generally Public Officers Law § 89 [4] [b]). Finally, we conclude that "[p]etitioner's [Brady] contentions were not raised in the petition and are thus not properly before us" (Matter of Nix v New York State Div. of Criminal Justice Servs., 167 AD3d 1524, 1525 [4th Dept 2018], lv denied 33 NY3d 908 [2019]; see Matter of Pennington v Clark, 307 AD2d 756, 758 [4th Dept 2003]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court