National Air Cargo, Inc. v Jenner & Block, LLP (2022 NY Slip Op 01900)





National Air Cargo, Inc. v Jenner & Block, LLP


2022 NY Slip Op 01900


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.


48 CA 21-00526

[*1]NATIONAL AIR CARGO, INC., NATIONAL AIR CARGO HOLDINGS, CHRIS ALF, PERSONALLY, PLAINTIFFS-APPELLANTS, ET AL., PLAINTIFFS,
v
JENNER & BLOCK, LLP, HARTER, SECREST & EMERY, LLP, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. (APPEAL NO. 1.) 






HANTMAN & ASSOCIATES, NEW YORK CITY (ROBERT J. HANTMAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
HODGSON RUSS LLP, BUFFALO (KEVIN M. KEARNEY OF COUNSEL), FOR DEFENDANT-RESPONDENT JENNER & BLOCK, LLP.
CONNORS LLP, BUFFALO (VINCENT E. DOYLE, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT HARTER, SECREST & EMERY, LLP. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered October 16, 2020. The order granted the motions of defendants Jenner & Block, LLP and Harter, Secrest & Emery, LLP to dismiss the complaint against them. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiff National Air Cargo, Inc. (NAC) is a freight forwarding company, and plaintiff National Air Cargo Holdings (NACH) owns NAC. Plaintiff Chris Alf is the principal shareholder of NAC and NACH and, at all relevant times, was the chair, chief executive officer, and president of NAC. NAC was found liable on a breach of contract claim in an underlying action against it in the United States District Court for the Central District of California. Plaintiffs commenced this action alleging, inter alia, professional negligence/legal malpractice and seeking damages purportedly arising from the representation of NAC by defendant Jenner & Block, LLP (JB) in the underlying action and the representation of NAC by defendant Harter, Secrest & Emery, LLP (HSE) in NAC's subsequent bankruptcy proceeding. Plaintiffs alleged that JB and HSE negligently failed to review whether the judgment rendered against NAC in the underlying action was covered by the directors' and officers' liability insurance policies issued to NAC and to advise NAC accordingly. JB and HSE thereafter each moved pursuant to CPLR 3211 to dismiss plaintiffs' complaint against them. In appeal No. 1, plaintiffs appeal from an order of Supreme Court that granted both motions. In appeal No. 2, plaintiffs appeal from a subsequent order of the same court that granted HSE's motion. In appeal No. 3, plaintiffs appeal from an order and judgment of the same court that granted JB's motion.
Preliminarily, the order in appeal No. 1 is subsumed in the subsequent final order in appeal No. 2 and the subsequent order and judgment in appeal No. 3; we therefore dismiss appeal No. 1 (see Matter of Tehan [Tehan's Catalog Showrooms, Inc.] [appeal No. 2], 144 AD3d 1530, 1531 [4th Dept 2016]; Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; see also CPLR 5501 [a] [1]). We also note at the outset that plaintiffs do not challenge on appeal the court's grant of those parts of the motions seeking dismissal of their causes of action for breach of fiduciary duty, breach of contract, and unjust enrichment, nor do they challenge on [*2]appeal the court's grant of that part of HSE's motion seeking dismissal of the professional negligence/legal malpractice cause of action against it insofar as asserted by NACH and Alf. We therefore conclude that any challenges to those parts of the orders are deemed abandoned (see Armstrong v United Frontier Mut. Ins. Co., 181 AD3d 1332, 1333 [4th Dept 2020]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We affirm in appeal Nos. 2 and 3.
In appeal No. 2, we conclude that the court properly dismissed on the ground of documentary evidence the professional negligence/legal malpractice cause of action against HSE insofar as asserted by NAC (see CPLR 3211 [a] [1]). A motion to dismiss a complaint based on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). In support of its motion, HSE submitted the engagement letter between HSE and NAC. "An attorney may not be held liable for failing to act outside the scope of a retainer" (Attallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d 1026, 1028 [2d Dept 2019]; see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 435 [2007]). Here, HSE met its burden of establishing by documentary evidence that the scope of its legal representation did not include a review of the insurance policies for possible coverage of the judgment in the underlying action. The engagement letter stated that HSE's engagement did "not include responsibility either for review of [NAC's] insurance policies to determine the possibility of coverage for any . . . claims that have [been] or may be asserted against [NAC] or for notification of [NAC's] insurance carriers concerning the matter." Because review of NAC's liability insurance policies to determine their potential applicability to the judgment in the underlying action fell outside the scope of HSE's engagement, the court properly granted HSE's motion with respect to the professional negligence/legal malpractice cause of action against HSE insofar as asserted by NAC (see Turner v Irving Finkelstein & Meirowitz, LLP, 61 AD3d 849, 850 [2d Dept 2009]).
In appeal No. 3, we conclude that the court properly dismissed the professional negligence/legal malpractice cause of action against JB, insofar as asserted by NAC, on the ground of judicial estoppel. The "doctrine of judicial estoppel may bar a party from pursuing claims which were not listed in a previous bankruptcy proceeding" (Moran Enters., Inc. v Hurst, 160 AD3d 638, 640 [2d Dept 2018], lv denied 32 NY3d 908 [2018], rearg denied 32 NY3d 1195 [2019]; see Popadyn v Clark Constr. & Prop. Maintenance Servs., Inc., 49 AD3d 1335, 1336 [4th Dept 2008]). Here, at the time NAC filed for bankruptcy, it failed to list a potential legal malpractice claim against JB as an asset and obtained a bankruptcy discharge. We conclude that "[t]he failure of . . . [NAC] to disclose a cause of action as an asset in a prior bankruptcy proceeding, the existence of which [NAC] knew or should have known existed at the time, deprive[s] [NAC] of the legal capacity to sue subsequently on that cause of action" (Green v Associated Med. Professionals of NY, PLLC, 111 AD3d 1430, 1432 [4th Dept 2013] [internal quotation marks omitted]). Contrary to the court's determination, however, JB failed to establish that the doctrine of judicial estoppel applies with respect to NACH or Alf, because JB failed to establish as a matter of law that NACH or Alf, as non-debtors, were in privity with NAC (see In re Avaya Inc., 573 BR 93, 103-104 [SD NY 2017]).
Nonetheless, with respect to appeal No. 3, we conclude that JB is entitled to dismissal of the professional negligence/legal malpractice cause of action against it, insofar as asserted by NACH and Alf, for failure to state a cause of action (see CPLR 3211 [a] [7]). Plaintiffs' complaint does not allege the existence of an attorney-client relationship between JB and NACH or Alf (see Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813 [2d Dept 2013]) and, instead, alleges only that JB gave negligent advice to NAC. While NACH and Alf submitted an affidavit of Alf attempting to remedy that deficiency, the affidavit does not specifically address JB's representation of NACH or Alf in the matter giving rise to this lawsuit (cf. Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In light of our determination, we do not reach the issue whether JB provided documentary evidence that " 'utterly refute[d] [NACH's and Alf's] factual allegations, conclusively establishing a defense as a matter of law' " (Matter of Mixon v Wickett, 196 AD3d 1094, 1095 [4th Dept 2021], quoting Goshen, 98 NY2d at 326).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court