Heinrichs v Town of Brookhaven (2025 NY Slip Op 07000)

Heinrichs v Town of Brookhaven

2025 NY Slip Op 07000

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-04030
 (Index No. 624245/19)

[*1]Michael. Heinrichs, appellant, 
vTown of Brookhaven, et al., respondents.

James J. O'Rourke & Associates, PLLC, Smithtown, NY, for appellant.
Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, Garden City, NY (Maria Massucci of counsel), for respondents Town of Brookhaven, Town of Brookhaven Highway Department, Daniel P. Losquadro, Steven Tricarico, and Anthony Gallino.
Kaufman Dolowich & Voluck LLP, Woodbury, NY (Anthony J. Proscia and Adam M. Nicolazzo of counsel), for respondents Cooper Sapir & Cohen, P.C., and David Cohen.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Civil Service Law § 75-b, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 18, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants Town of Brookhaven, Town of Brookhaven Highway Department, Daniel P. Losquadro, Steven Tricarico, and Anthony Gallino which were pursuant to CPLR 3211(a) to dismiss the first, third, and fourth causes of action and so much of the sixth cause of action as alleged retaliation in violation of the First Amendment pursuant to 42 USC § 1983 insofar as asserted against them, and granted those branches of the motion of the defendants Cooper Sapir & Cohen, P.C., and David Cohen which were pursuant to CPLR 3211(a) to dismiss the fifth cause of action and so much of the sixth cause of action as alleged retaliation in violation of the First Amendment pursuant to 42 USC § 1983 insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Cooper Sapir & Cohen, P.C., and David Cohen which was pursuant to CPLR 3211(a) to dismiss the fifth cause of action insofar as asserted against them is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Town of Brookhaven, Town of Brookhaven Highway Department, Daniel P. Losquadro, Steven Tricarico, and Anthony Gallino which were pursuant to CPLR 3211(a) to dismiss the first and third causes of action and so much of the sixth cause of action as alleged retaliation in violation of the First Amendment pursuant to 42 USC § 1983 insofar as asserted against the defendants Town of Brookhaven, Town of Brookhaven Highway Department, Daniel P. Losquadro, and Steven Tricarico, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as reviewed; and [*2]it is further,
ORDERED that one bill of costs is awarded to the defendants Cooper Sapir & Cohen, P.C., and David Cohen, payable by the plaintiff.
The plaintiff was employed by the defendant Town of Brookhaven as a laborer within the defendant Town of Brookhaven Highway Department (hereinafter the Highway Department) from September 2013 to January 2019. In December 2019, the plaintiff commenced this action against the Town, the Highway Department, and the defendants Daniel P. Losquadro, Steven Tricarico, and Anthony Gallino (hereinafter collectively the Town defendants), and the Town's outside "labor counsel," the defendants Cooper Sapir & Cohen, P.C., and David Cohen (hereinafter together the law firm defendants), alleging, inter alia, that the defendants retaliated against him by terminating his employment for reporting incidents of corruption within the Highway Department to federal and local authorities.
The Town defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the first, third, and fourth causes of action and so much of the sixth cause of action as alleged retaliation in violation of the First Amendment pursuant to 42 USC § 1983 insofar as asserted against them. The law firm defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the fifth cause of action and so much of the sixth cause of action as alleged retaliation in violation of the First Amendment pursuant to 42 USC § 1983 insofar as asserted against them. In an order dated April 18, 2022, the Supreme Court, among other things, granted those branches of the Town defendants' motion and the law firm defendants' motion. The plaintiff appeals.
The appeal from so much of the order as granted that branch of the law firm defendants' motion which was to dismiss the fifth cause of action, alleging tortious interference with contract, insofar as asserted against them must be dismissed. The plaintiff did not oppose that branch of the law firm defendants' motion, and therefore, he is not aggrieved by so much of the order as granted that branch of the motion (see CPLR 5511; Birmingham v Linden Plaza Hous. Co., 210 AD3d 853, 854; Mixon v TBV, Inc., 76 AD3d 144, 156-157).
"On a motion to dismiss a [complaint] pursuant to CPLR 3211(a)(1), the movant has the burden of providing documentary evidence that utterly refutes the [plaintiff's] factual allegations, conclusively establishing a defense as a matter of law" (Matter of Palmore v Board of Educ. of Hempstead Union Free Sch. Dist., 145 AD3d 1072, 1073 [internal quotation marks omitted]). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Watts v City of New York, 186 AD3d 1577, 1578; see Leon v Martinez, 84 NY2d 83, 87-88). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715-716, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Initially, the Supreme Court properly directed dismissal of so much of the sixth cause of action as alleged retaliation in violation of the First Amendment pursuant to 42 USC § 1983 insofar as asserted against Gallino. The Town defendants' submissions in support of their motion demonstrated that the plaintiff does not have a cause of action against Gallino, whose employment with the Town ended in August 2016, more than two years prior to the termination of the plaintiff's employment (see generally Guggenheimer v Ginzburg, 43 NY2d at 275).
However, the Supreme Court erred in granting that branch of the Town defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, alleging a violation [*3]of Civil Service Law § 75-b against the Town and the Highway Department. "Civil Service Law § 75-b(2)(a)(ii) provides that adverse employment action may not be taken against a public employee based upon his or her disclosure of information 'which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action'" (Tipaldo v Lynn, 26 NY3d 204, 210-211, quoting Civil Service Law § 75-b[2][a][ii]). "Improper governmental action" means "any action by a public employer or employee, or an agent of such employer or employee, which is undertaken in the performance of such agent's official duties, whether or not such action is within the scope of his [or her] employment, and which is in violation of any federal, state or local law, rule or regulation" (Civil Service Law § 75-b[2][a]). Here, accepting the facts as alleged in the second amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the first cause of action adequately stated a cause of action alleging a violation of Civil Service Law § 75-b. The documentary evidence submitted by the Town defendants did not utterly refute the plaintiff's allegations, inter alia, that his employment was terminated in retaliation for his disclosure of alleged corruption to authorities in violation of Civil Service Law § 75-b or show that he does not have a cause of action on this basis (see Matter of O'Hara v Board of Educ., Yonkers City Sch. Dist., 198 AD3d 896, 901; Lilley v Greene Cent. Sch. Dist., 168 AD3d 1180, 1182).
The Supreme Court also erred in granting that branch of the Town defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, alleging breach of contract against the Town and the Highway Department. The third cause of action alleged that the Town and the Highway Department terminated the plaintiff's employment in violation of the terms of a stipulation of settlement entered into between the plaintiff and the Town in 2017, which provided, among other things, that the Town would "not be arbitrary and capricious in administering discipline to [the plaintiff]." The Town defendants' evidentiary submissions failed to utterly refute the plaintiff's allegations that the Town and the Highway Department acted arbitrarily and capriciously in terminating his employment, in violation of the stipulation of settlement, and failed to demonstrate that the plaintiff's allegation that the Town and the Highway Department breached the stipulation of settlement was not a fact at all and that no significant dispute exists regarding it (see Truesource, LLC v Niemeyer, 223 AD3d 694, 695).
In addition, the Supreme Court erred in granting that branch of the Town defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the sixth cause of action as alleged retaliation in violation of the First Amendment pursuant to 42 USC § 1983 insofar as asserted against the Town defendants other than Gallino. "To maintain a [42 USC] § 1983 action, a plaintiff must establish two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States" (Pressley v City of New York, 233 AD3d 932, 936 [internal quotation marks omitted]). "[T]he First Amendment protects a public employee from retaliation by his or her employer for the employee's speech only if the employee sp[eaks] [1] as a citizen [2] on a matter of public concern" (Singer v Ferro, 711 F3d 334, 339 [2d Cir] [internal quotation marks omitted]). Here, accepting the facts as alleged in the second amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the sixth cause of action adequately stated a cause of action alleging retaliation in violation of the First Amendment pursuant to 42 USC § 1983 insofar as asserted against the Town defendants other than Gallino. Contrary to the Town defendants' contention, they failed to establish at this stage of the action that the Town defendants other than Gallino are entitled to qualified immunity (see Sculti v Finley, 167 AD3d 796, 797-798).
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court