Matter of Joyce v City of New York (2018 NY Slip Op 03433)





Matter of Joyce v City of New York


2018 NY Slip Op 03433


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6506 103515/12

[*1]In re John Joyce, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


Law Office of Elliott S. Martin, Brooklyn (Elliott S. Martin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Emma Grunberg of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered September 3, 2013, which, to the extent appealed from as limited by the briefs, denied the petition brought pursuant to CPLR article 78 to annul the determination of respondent New York City Department of Education, dated April 13, 2012, sustaining petitioner's year-end "unsatisfactory" rating for the 2010-2011 academic year, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, and the determination annulled. The Clerk is directed to enter judgment accordingly.
The record demonstrates deficiencies in the performance review process that resulted in petitioner's unsatisfactory rating for the 2010-2011 academic year that "were not merely technical, but undermined the integrity and fairness of the process" (Matter of Gumbs v Board of Educ. of the City Sch. Dist. of the City of N.Y., 125 AD3d 484, 485 [1st Dept 2015]; Matter of Richards v Board of Educ. of the City Sch. Dist. of the City of N.Y., 117 AD3d 605, 606-607 [1st Dept 2014]). Petitioner was a tenured teacher who had received a satisfactory rating for the 2009-2010 academic year. In contravention of its own procedures, respondent failed to place petitioner on notice that he was in danger of receiving an unsatisfactory rating for the 2010-2011 academic year until after April 28, 2011. Moreover, the procedures require that tenured teachers in danger of receiving an unsatisfactory rating have "formal observations including a pre-observation and post-observation conference by the principal ... as part of a prescriptive plan to improve their teaching" (Board of Education Chief Executives' Memorandum #80, dated March 31, 1998, re: "Performance Review and Professional Development Plan for Teachers"). Yet, after April 28, 2011, petitioner received only one formal observation. It took place one week
before the end of the academic year and was not part of a prescriptive plan to improve petitioner's teaching.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK