(May 10, 1993)

■ ARNELL CONSTRUCTION CORPORATION, Respondent-Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant-Respondent, and FORSYTHE PLUMBING & HEATING CORPORATION, Respondent. [598 NYS2d 1] —In an action, *inter alia,* for a judgment declaring that the plaintiff was not obligated to provide concrete encasings for certain drainage piping in connection with a contract to construct a public school annex, and to cancel a change order and debit in the sum of $46,151, the defendant Board of Education of the City of New York appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated October 30, 1990, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it, and the plaintiff Arnell Construction Corporation cross-appeals from so much of the same order as denied its motion for summary judgment against the Board of Education of the City of New York.

Ordered that the order is reversed insofar as appealed from, on the law, the cross motion by the defendant Board of Education of the City of New York for summary judgment is granted, the complaint is dismissed insofar as it is asserted against it, and the action against the remaining defendant is severed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs, payable by the plaintiff.

The instant lawsuit arises out of a contract between the defendant Board of Education of the City of New York (hereinafter the Board), and the plaintiff Arnell Construction Corporation (hereinafter Arnell) for the construction of a public school annex. Arnell was the general contractor for the project and the defendant Forsythe Plumbing and Heating Corporation (hereinafter *Forsythe)* the plumbing subcontractor. During the course of the work, a dispute arose concerning whether Arnell or Forsythe was responsible for the concrete encasing of drainage piping underneath the proposed new

structure. The dispute was caused by a discrepancy between the project specifications requiring Arnell to furnish the concrete encasements for piping below the "mat slab" and the drawings which stated that all concrete encasement work for piping within the site was the responsibility of Forsythe.

Pursuant to paragraph 4C of the contract, the Executive Director for the Board determined that Arnell was responsible for performing the work in question. When Arnell refused to abide by the Executive Director's determination, the work was performed by Forsythe. The Board issued a change work order and debited Arnell in order to pay Forsythe for the work. Arnell then commenced this action seeking, *inter alia,* a declaration of its rights and obligations under the contract.

Both Arnell and the Board sought summary judgment. The Supreme Court denied both the motion and the cross motion, finding triable issues of fact concerning the intent of the parties and the interpretation of who was responsible for the work in question. We now reverse and grant summary judgment in favor of the Board.

The contract is clear with respect to the Executive Director's authority to resolve the kind of discrepancy that arose during the course of the work in this case. His determination with respect to which contractor was responsible for the work in question was conclusive, and forecloses the plaintiff's present claims for relief against the Board *(see, Ardsley Constr. Co. v Port Auth.,* 54 NY2d 876). In addition, paragraph 1C of the contract required the plaintiff to raise any questions regarding the requirements of the job with the Executive Director prior to submitting its bid for the project. Since the plaintiff failed to do so, it was bound by the subsequent determination that the work in question was its responsibility *(Acme Bldrs. v Facilities Dev. Corp.,* 51 NY2d 833, 834). Accordingly, summary judgment is granted to the Board dismissing the complaint insofar as it is asserted against it. Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.