■ LAKE CONSTRUCTION & DEVELOPMENT CORPORATION, Appellant, v CITY OF NEW YORK, Acting By and Through its Department of Parks and Recreation, Respondent. [621 NYS2d 337] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about September 23, 1993, which granted the motion by the defendant City of New York, acting by and through its Department of Parks and Recreation (the City) for summary judgment pursuant to CPLR 3212 dismissing plaintiff's complaint and which denied plaintiff's cross-motion for summary judgment, or, in the alternative, to restore the case to the trial calendar, unanimously affirmed, without costs.

We find that the IAS Court, in granting summary judgment dismissing plaintiff's complaint seeking payment for extra or additional work plaintiff allegedly performed in completing

brickwork on a public works contract, properly determined that there was no ambiguity in the parties' contract with respect to the brickwork required to complete the project, and that the plaintiff was barred from seeking additional compensation. Additionally, the IAS Court properly determined that plaintiff had failed to preserve its claim under the contract, for alleged extra work, by plaintiff's conceded failure to carefully examine the project work site and to seek clarification of any contractual ambiguities prior to bidding, as specifically required by the unambiguous provisions of the parties' contract *(Acme Bldrs. v Facilities Dev. Corp.,* 51 NY2d 833; *Savin Bros. v State of New York,* 62 AD2d 511, *affd* 47 NY2d 934).

It is well settled that, on a motion for summary judgment, the construction of an unambiguous contract is a question of law for the court to pass on, and that circumstances extrinsic to the agreement or varying interpretations of the contract provisions will not be considered, where, as here, the intention of the parties can be gathered from the instrument itself *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291).

Plaintiff's unilateral interpretation of the parties' contract to support its contention that there were actually two walls required to complete the project, rather than one wall which measured 972 square feet, as was estimated by the City engineer's cost estimate for the project, upon which the plaintiff admittedly relied in submitting its bid, was properly rejected by the IAS Court since the parties' contract unambiguously provided that the quantity of brickwork to be paid for under the contract "shall be based on the number of square feet of free-standing brickwall installed in accordance with the plans and specifications and directions of the Engineer". The mere assertion by a party that contract language is ambiguous is not, in and of itself, enough to raise a triable issue of fact precluding summary judgment *(Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 460; *Olson Enters. v Agway, Inc.,* 55 NY2d 659, 661).

By seeking to modify its original bid and negotiate a more favorable agreement for itself, after it had already secured the contract as the low bidder, the plaintiff is, in effect, improperly attempting to secure an unfair competitive advantage over other legitimate bidders and to conduct the type of post-bid negotiation deemed violative of the practice of competitive bidding by the courts of this State *(Sinram-Marnis Oil Co. v City of New York,* 74 NY2d 13, *affg* 139 AD2d 360, 365-366). We have reviewed the plaintiff's remaining claims and find

them to be without merit. Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.