■ THALLE CONSTRUCTION Co., INC., Appellant, v CITY OF NEW YORK, Respondent. [681 NYS2d 522] —Order, Supreme

Court, New York County (Salvador Collazo, J.), entered August 14, 1997, which granted the motion of defendant City of New York for partial summary judgment dismissing plaintiff's second cause of action, and denied plaintiff's cross motion for summary judgment upon the same cause, unanimously affirmed, without costs.

Plaintiff's second cause of action for damages occasioned by defendant City's insistence upon plaintiff contractor's use of compressed air during construction performed pursuant to the parties' agreement below the water table, was properly dismissed. Section 5.37.3 (B) of Addendum No. 2 to the construction contract at issue, relating to the construction of inlet and outlet siphon chambers, specifically and unambiguously states, "All construction below the water table shall be under compressed air." If this provision, itself unambiguous, was, as plaintiff claims, nonetheless rendered ambiguous by other provisions of the contract read by plaintiff to permit construction beneath the water table without the use of compressed air, any such ambiguity was patent, and having failed to clarify the ambiguity before submitting its bid for the project, as it was required to do under section 1.3 of the Information for Bidders, plaintiff was bound by the City's interpretation (*see, Acme Bldrs. v Facilities Dev. Corp.*, 51 NY2d 833; *Lake Constr. & Dev. Corp. v City of New York*, 211 AD2d 514). Plaintiff's submissions, moreover, do not demonstrate that the City's insistence on compliance with the terms of the contract rose to the level of bad faith. Accordingly, plaintiff's claim is additionally barred by the "no-damage-for-delay" clause of the contract (*see, Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377). Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.