■ GEORGE OBREMSKI, Appellant, v IMAGE BANK, INC., Now Known as GETTY IMAGES (US), INC., et al., Respondents. [816 NYS2d 448]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 15, 2005, which, to the extent appealed from as limited by the briefs, granted so much of the motion for summary judgment by defendant Image Bank as dismissed the first, third, fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth and fifteenth causes of action, and denied plaintiff's cross motion for partial summary judgment on his ninth, tenth, eleventh and twelfth causes of action, unanimously affirmed, with costs.

Plaintiff, a professional photographer, entered into a standard exclusive agency agreement with Image Bank, a stock supplier of photographic images to commercial clients. Plaintiff submitted more than 160,000 original images for worldwide distribution and marketing through Image Bank's agency, in exchange for a promise by the latter to use its best efforts in selling or leasing such material. The agreement provided that plaintiff could, after four years, request a return of his photographs, with 18 months being considered a reasonable period for compliance, although he acknowledged that some materials might be lost or damaged through normal usage, for which there would be no liability. When this longstanding relationship was eventually terminated, plaintiff sought the return of his slides. It took over five years for most of them to be returned, and even then, more than 16,000 remained unaccounted for.

Plaintiff sued for damages for the images that were lost, damaged or returned late. Following discovery and cross motions for summary judgment, the court dismissed most of the causes of action against Image Bank.

It is well settled that a contractual limitation on liability is enforceable (*see Uribe v Merchants Bank of N.Y.*, 91 NY2d 336, 341 [1998]; *Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 436 [1994]), except that public policy forbids a party

from attempting to avoid liability for damages caused by grossly negligent conduct (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992]). Plaintiff argues that Image Bank engaged in wrongdoing that amounted to gross and willful negligence when, among other derelictions, it terminated hundreds of photographers over a relatively short period of time; closed some of its offices, thereby greatly backlogging unprocessed slides; and failed to hire sufficient staff to handle this glut of images. However, gross negligence contemplates "conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993]). It is clear that Image Bank's conduct amounted to no more than ordinary negligence at most, and did not demonstrate such a reckless disregard for the rights of others as to constitute intentional wrongdoing.

As for the late return of plaintiff's slides, even assuming that an enforceable time limit was created by the contractual clause that declared a 1-year period from the date of request as reasonable, there is no evidence that plaintiff sustained any damages as a result of the late return. Indeed, plaintiff has conceded that he did not keep a record of which images were given back to him or when they were returned, and while he has purportedly sent various slides to another stock agency, virtually all of them have been new images. In fact, the slides he received back from Image Bank remained uninsured, unorganized and unmarketed more than six years after the termination of this contractual relationship.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.