■ WORTH CONSTRUCTION Co., INC., Appellant, v TRC ENGINEERS, INC., et al., Respondents. [865 NYS2d 95]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered October 29, 2007, which granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously affirmed, with costs.

Defendants entered into an agreement called the Exit Strategy Contract (ESC) with nonparty Con Edison by which they assumed responsibility for decommissioning, demolishing and environmental remediation of certain properties owned or leased by Con Edison. The ESC provided for Con Edison to deliver the property at 700 First Avenue (the Waterside site) to defendants on March 1, 2003. Defendants' subcontract with plaintiff, by which plaintiff agreed to carry out the lead paint and asbestos abatement and the decommissioning and demolishing, incorporated the ESC and provided that, in the event of a conflict between the two, the subcontract would govern. The subcontract

provided that "[t]he date of commencement [of plaintiff's work] shall be established by a written notice to proceed issued by the Contractor to the Subcontractor."

The subcontract further provided that, in the event of "Owner Delay," defined in the ESC as delay in the performance of the work "caused by or resulting from: (i) failure of [Con Edison] to comply in a timely manner with any of its covenants in Section 6," plaintiff would be entitled to compensation equal to the cost of demobilizing and remobilizing its forces as a result of such delay, but not to exceed $60,000 and $40,000, respectively, in any single instance, or $300,000 in the aggregate. Among the covenants in section 6 was the covenant to deliver possession of the Waterside site by March 1, 2003. In addition, plaintiff "assume[d] the risk and Loss-and-Expense of All Delays in the Work . . . of any kind or duration whatsoever, whether Owner Delay or otherwise, whether or not within the contemplation of the parties and whether foreseeable or unforeseeable," and "agree[d] that the reimbursement for demobilization and remobilization costs described above and an extension (or extensions) of time under this Section for Owner Delay shall be [its] exclusive remedies for Delay in the performance of the Work."

Plaintiff's allegation that defendants breached the contract by failing to deliver the Waterside site by March 1, 2003 is directly contradicted by the terms of the subcontract, and thus the allegation cannot be presumed to be true (*Tectrade Intl. v Fertilizer Dev. & Inv.*, 258 AD2d 349 [1999], *lv denied* 94 NY2d 751 [1999]). Moreover, plaintiff failed to allege any demobilization or remobilization damages, the only damages it was permitted to recover for delay under the subcontract.

Plaintiff argues that, despite the broad no-damages-for-delay clause of the subcontract, it may recover delay damages because the delay in delivering the Waterside site was uncontemplated and breached a fundamental obligation of the subcontract (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]). However, the clause at issue, which permits up to $300,000 in compensation for owner delay, is an enforceable contractual limitation on liability (*see Obremski v Image Bank, Inc.*, 30 AD3d 1141, 1141 [2006]). The same clause provides, as indicated, that, other than the limited costs of demobilization and remobilization of its forces as a result of owner delay, plaintiff bears the cost of all delays, whether within the contemplation of the parties or not and whether foreseeable or not.

In any event, the record establishes that defendants' failure to deliver the Waterside site by March 1, 2003 was neither a breach of a fundamental obligation, since the subcontract did

not require defendants to deliver the site by that date, nor uncontemplated. By order of the Public Service Commission, Con Edison was "not permitted to divest the Waterside property or to commence decommissioning of the plant until it [was] satisfied that [the East River Generating Station was] fully functional, all start-up issues [were] resolved, and Waterside [was] no longer needed to satisfy its statutory obligations." The ESC recognized that the commencement of work at the Waterside site depended on the repowering of the East River Generating Station; it provided that Con Edison could cancel the Waterside site work "[i]n the event that the application for the repowering of the East River Facility . . . [was] not approved . . . or if the Con Edison [sic] [was] otherwise prevented from repowering the East River Facility and therefore unable to take Waterside out of service."

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Catterson, McGuire, Acosta and DeGrasse, JJ. [See 2007 NY Slip Op 33510(U).]