■ LAKHI GENERAL CONTRACTOR, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [48 NYS3d 417]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered September 23, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was the successful bidder on a project for the defendant New York City School Construction Authority (hereinafter the NYCSCA) to perform exterior masonry work on a school building. After completing the project, the plaintiff commenced this action against the NYCSCA to recover damages for breach of contract. The first cause of action sought compensation for alleged extra work, and the second cause of action sought delay damages. The NYCSCA moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and the Supreme Court granted the motion. The plaintiff appeals.

In considering a motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) based on documentary evidence, dismissal is warranted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Sabre Real Estate Group, LLC v Ghazvini*, 140 AD3d 724 [2016]; *Mawere v Landau*, 130 AD3d 986, 987 [2015]). On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1181-1182 [2010]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), . . . the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d 1040, 1041 [2016]).

Applying these principles, the Supreme Court properly granted that branch of the NYCSCA's motion which was pursu-

ant to CPLR 3211 (a) (1) to dismiss the first cause of action. The documentary evidence submitted by the NYCSCA was the contract, which included, inter alia, the Information for Bidders, General Conditions, and design drawings. The design drawings contain inconsistencies as to whether the alleged extra work was required under the contract. Section I of the Information for Bidders mandates that the contractor discover and inquire about a claimed ambiguity prior to the submission of a bid. Additionally, Section 4.01 of the General Conditions provides that in case of any discrepancy between any drawings, the decision of the NYCSCA shall be final. Accordingly, the plaintiff was bound under the stated terms of the contract by the NYCSCA's determination that the alleged extra work was required under the contract (*see Acme Bldrs. v Facilities Dev. Corp.*, 51 NY2d 833, 834 [1980]; *Thalle Constr. Co. v City of New York*, 256 AD2d 157, 158 [1998]; *Lake Constr. & Dev. Corp. v City of New York*, 211 AD2d 514 [1995]; *Arnell Constr. Corp. v Board of Educ. of City of N.Y.*, 193 AD2d 640, 641 [1993]; *Savin Bros. v State of New York*, 62 AD2d 511, 516 [1978], *affd* 47 NY2d 934 [1979]; *see also L&L Painting Co., Inc. v Contract Dispute Resolution Bd. of the City of N.Y.*, 14 NY3d 827 [2010]). Thus, the documentary evidence conclusively established a defense as a matter of law as to the first cause of action, which sought compensation for extra work.

The Supreme Court also properly granted that branch of the NYCSCA's motion which was to dismiss the second cause of action pursuant to CPLR 3211 (a) (7). Section 8.02 of the General Conditions expressly provides that the contractor agrees to make no claim for damages for delay, and the exclusive remedy for delay shall be an extension of the time for completion of the work. Accordingly, dismissal was proper with respect to the second cause of action, which sought to recover delay damages (*see J. Petrocelli Contr., Inc. v Morganti Group, Inc.*, 137 AD3d 1082, 1082-1083 [2016]; *Bovis Lend Lease [LMB], Inc. v Lower Manhattan Dev. Corp.*, 108 AD3d 135 [2013]; *Worth Constr. Co., Inc. v TRC Engrs., Inc.*, 55 AD3d 388, 389 [2008]). Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur. ■