Matter of O'Hara v Board of Educ., Yonkers City Sch. Dist. (2021 NY Slip Op 05703)





Matter of O'Hara v Board of Educ., Yonkers City Sch. Dist.


2021 NY Slip Op 05703


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-13279
 (Index No. 52113/18)

[*1]In the Matter of Melissa A. O'Hara, etc., appellant-respondent, 
v
Board of Education, Yonkers City School District, et al., respondents-appellants.


Gleason, Dunn, Walsh & O'Shea, Albany, NY (Ronald G. Dunn and Daniel A. Jacobs of counsel), for appellant-respondent.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino and Jacob E. Amir of counsel), for respondents-appellants.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Education, Yonkers City School District, dated October 12, 2017, which terminated the petitioner/plaintiff's decedent's employment as Director of Transportation, and action pursuant to Civil Service Law § 75-b, among other things, to reinstate the petitioner/plaintiff's decedent to the position of Director of Transportation, the petitioner/plaintiff appeals, and the Board of Education, Yonkers City School District, Yonkers City School District, and Luisa Erika Lassi cross-appeal, from an order and judgment (one paper) of the Supreme Court, Westchester County (George E. Fufidio, J.), dated October 31, 2018. The order and judgment, insofar as appealed from, (1) granted that branch of the motion of the Board of Education, Yonkers City School District, Yonkers City School District, and Luisa Erika Lassi which was pursuant to CPLR 3211(a) to dismiss the first cause of action, and dismissed that cause of action, and (2), in effect, dismissed the third cause of action. The order and judgment, insofar as cross-appealed from, (1) denied that branch of the motion of the Board of Education, Yonkers City School District, Yonkers City School District, and Luisa Erika Lassi which was pursuant to CPLR 3211(a) to dismiss the second cause of action, granted that cause of action, annulled the determination, and directed that the petitioner/plaintiff's decedent be reinstated to the position of Director of Transportation as a permanent employee, with back pay and benefits, and (2) denied that branch of their motion which was to dismiss the third cause of action.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provisions thereof granting that branch of the motion of the Board of Education, Yonkers City School District, Yonkers City School District, and Luisa Erika Lassi which was pursuant to CPLR 3211(a) to dismiss the first cause of action and dismissing that cause of action, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provisions thereof granting the second cause of action, annulling the determination of the Board of Education, Yonkers City School District, and directing that the petitioner/plaintiff's decedent be reinstated to the position of Director of Transportation, as a permanent employee, with back pay and benefits, and (3) by deleting the provision thereof, in effect, dismissing the third cause of action; as so modified, the order and [*2]judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the first and third causes of action are reinstated, and the matter is remitted to the Supreme Court, Westchester County, for the service and filing of an answer and the administrative record within 20 days after the date of this decision and order, and for further proceedings on the petition/complaint consistent herewith.
Shelley A. O'Riley was employed by the Yonkers School District (hereinafter the school district) as its Director of Transportation. After serving in the position on a temporary basis from August 31, 2015, through November 19, 2015, and later on a provisional basis from November 20, 2015, through April 20, 2017, she was eventually appointed to the position by the Board of Education, Yonkers City School District (hereinafter the Board), on April 21, 2017. A probationary period of 26 weeks commenced upon her appointment in April 2017. On October 20, 2017, the Board terminated O'Riley's employment.
O'Riley subsequently commenced this hybrid proceeding against the Board, the school district, and Luisa Erika Lassi, in her official capacity as the Director of Transportation for the Yonkers City School District (hereinafter collectively the respondents), pursuant to CPLR article 78 and Civil Service Law § 75-b, inter alia, to annul the Board's determination. In the petition/complaint, as a first cause of action pursuant to CPLR article 78, O'Riley alleged that the Board's determination was made in violation of law and lawful procedure and was arbitrary and capricious. The second cause of action pursuant to CPLR article 78 alleged that the Board's determination was made in bad faith and for improper reasons. In the third cause of action pursuant to Civil Service Law § 75-b, O'Riley alleged that, by terminating her employment, the respondents retaliated against her after she engaged in protected activity. Prior to answering the petition/complaint, the respondents moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the petition/complaint.
In an order and judgment dated October 31, 2018, the Supreme Court granted that branch of the respondents' motion which was to dismiss the first cause of action, denied that branch of the motion which was to dismiss the second cause of action, granted the second cause of action, annulled the determination, directed that O'Riley be reinstated to the position of Director of Transportation as a permanent employee, with back pay and benefits, and denied that branch of their motion which was to dismiss the third cause of action. However, the court, in effect, dismissed the third cause of action on the ground that it had been rendered academic in light of the relief granted on the second cause of action. O'Riley appeals from so much of the order and judgment as dismissed the first cause of action, and, in effect, dismissed the third cause of action. The respondents cross-appeal from so much of the order and judgment as denied that branch of their motion which was to dismiss the second cause of action, granted the second cause of action, annulled the Board's determination as arbitrary and capricious, directed that O'Riley be reinstated to the position of Director of Transportation as a permanent employee, with back pay and benefits, and denied that branch of their motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action. During the pendency of the appeal, O'Riley died, and the adminstrator of her estate was substituted as appellant-respondent.
"On a motion to dismiss a petition pursuant to CPLR 3211(a)(1), the movant has the burden of providing documentary evidence that utterly refutes the petitioner's factual allegations, conclusively establishing a defense as a matter of law. On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7), the factual allegations in the pleading must be deemed true, and the petitioner must be afforded the benefit of every favorable inference" (Matter of Palmore v Board of Educ. of Hempstead Union Free Sch. Dist., 145 AD3d 1072, 1073 [citations and internal quotation marks omitted]). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one, and unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Matter of Clavin v Mitchell, 131 AD3d 612, 614).
A probationary employee may be discharged without a hearing and without a statement of reasons (see Matter of Griffin v MTA N.Y. City Tr. Auth., 127 AD3d 1083, 1084). "However, this broad discretion is not 'unlimited'" (Matter of Lake v Town of Southold, 189 AD3d 1588, 1591, quoting Matter of Maynard v Monaghan, 284 App Div 280, 283). "The employment of a probationary employee may not be terminated 'in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law'" (Matter of Lake v Town of Southold, 189 AD3d at 1591, quoting Matter of Lane v City of New York, 92 AD3d 786, 786).
Here, the documentary evidence does not utterly refute the allegation that the termination of O'Riley's employment was not in compliance with law and lawful procedure and it does not show that she does not have a cause of action on this basis. Consequently, the Supreme Court should not have granted that branch of the respondents' motion which was to dismiss the first cause of action.
Contrary to the respondents' contention, the Supreme Court properly denied that branch of their motion which was to dismiss the second cause of action, which alleged that the Board's determination was made in bad faith and for improper reasons. The respondents argue that the Board's determination to terminate O'Riley's employment as Director of Transportation was based on her poor job performance. On the evidence submitted, O'Riley has a cause of action pursuant to CPLR article 78, on the ground that the Board's determination was made in bad faith. The petition/complaint alleges that the determination to terminate O'Riley's employment as Director of Transportation was based on her efforts to have transportation vendors and bus monitors comply with certain laws, with which they had not been required to comply under her predecessor, which angered the Board's president and the president of the Union that represents the school district's bus monitors, both of whom held sway with the school district superintendent.
However, the Supreme Court improperly awarded O'Riley the ultimate relief sought on the second cause of action. Upon denying the respondents' pre-answer motion to dismiss, the Supreme Court should have permitted the respondents to answer the petition (see CPLR 7804[f]; Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs., 63 NY2d 100, 102; Matter of Irfan v Vullo, 168 AD3d 733, 734; Matter of Smiler v Board of Educ., 15 AD3d 409, 410). Accordingly, we remit the matter to the Supreme Court, Westchester County, inter alia, for the service and filing of an answer and the administrative record.
Finally, "Civil Service Law § 75-b(2)(a)(ii) provides that adverse employment action may not be taken against a public employee based upon his or her disclosure of information 'which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action'" (Tipaldo v Lynn, 26 NY3d 204, 210-211, quoting Civil Service Law § 75-b[2][a][ii]). In light of our determination with respect to the second cause of action, the Supreme Court improperly, in effect, dismissed the third cause of cause of action pursuant to Civil Service Law § 75-b on the basis that it had been rendered academic. Moreover, on the merits, the respondents were not entitled to dismissal of the third cause of action pursuant to CPLR 3211(a), since the documentary evidence neither utterly refutes the allegation that O'Riley's employment was terminated in retaliation in violation of Civil Service Law § 75-b, nor shows that she does not have a cause of action premised upon this basis (see Lilley v Greene Cent. Sch. Dist., 168 AD3d 1180, 1181).
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court