Matter of Thomas v Garden City Park Water/Fire Dist. (2024 NY Slip Op 03759)

Matter of Thomas v Garden City Park Water/Fire Dist.

2024 NY Slip Op 03759

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-00509
 (Index No. 604169/21)

[*1]In the Matter of Jensen Thomas, respondent, 
v
Garden City Park Water/Fire District, et al., appellants.

Bond, Schoeneck & King PLLC, New York, NY (Gregory B. Reilly, Stephanie M. Campbell, and Mallory Campbell of counsel), for appellants.
Ruskin Moscou Faltischek P.C., Uniondale, NY (E. Christopher Murray and Nicole Osborne of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Commissioners of the Garden City Park Fire District dated February 25, 2021, as, after a hearing, and upon finding the petitioner guilty of misconduct, removed the petitioner from the office of captain in the Garden City Park Water/Fire District and from membership therein, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered November 22, 2021. The order and judgment denied the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, granted the petition, annulled so much of the determination as removed the petitioner from the office of captain in the Garden City Park Water/Fire District and from membership therein, and remitted the matter for a new determination as to the appropriate penalty to be imposed upon the petitioner.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof granting the petition, annulling so much of the determination as removed the petitioner from the office of captain in the Garden City Park Water/Fire District and from membership therein, and remitting the matter for a new determination as to the appropriate penalty to be imposed upon the petitioner; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the service and filing of an answer and the administrative record within 20 days after the date of this decision and order, and for further proceedings on the petition consistent herewith.
The petitioner served as a volunteer firefighter with the respondent Garden City Park Water/Fire District (hereinafter the District), and in 2016, he was elected captain of his company. On February 13, 2020, the Board of Commissioners of the Garden City Park Fire District (hereinafter the Board), which consisted of the respondents Chris Engel, Kenneth Borchers, and Peter Chimenti, issued a Notice of Hearing and Statement of Charges, alleging that on December 12, 2019, the petitioner breached the District's constitution and bylaws and its workplace violence policy by confronting a superior officer in a threatening and disrespectful manner, refusing to comply with the superior officer's order to leave, and damaging the District's property. On February 25, 2021, the Board, after a hearing, found the petitioner guilty of all charges and removed him from the office of captain and from membership in the District.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review so much of the Board's determination as removed him from the office of captain in the District and from membership therein. Prior to answering the petition and submitting the administrative record, the respondents moved pursuant to CPLR 3211(a)(1) and (7) and 7804(f) to dismiss the petition. In an order and judgment entered November 22, 2021, the Supreme Court denied the respondents' motion to dismiss the petition, granted the petition, annulled so much of the Board's determination as removed the petitioner from the office of captain in the District and from membership therein, and remitted the matter for a new determination as to the appropriate penalty to be imposed upon the petitioner. The respondents appeal.
"On a motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss a petition, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference" (Matter of Silverman v Town of Ramapo, 222 AD3d 652, 653). When evidentiary material outside the pleading's four corners is considered on a motion pursuant to CPLR 3211(a)(7) and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Matter of O'Hara v Board of Educ., Yonkers City Sch. Dist., 198 AD3d 896, 899). "On a motion to dismiss a petition pursuant to CPLR 3211(a)(1), the movant has the burden of providing documentary evidence that utterly refutes the petitioner's factual allegations, conclusively establishing a defense as a matter of law" (id. [internal quotation marks omitted]).
Here, the documentary evidence did not utterly refute the allegation that the penalty imposed on the petitioner was arbitrary and capricious or that it was the result of race-based discrimination (see id. at 900). Similarly, accepting the petitioner's allegations as true and affording him the benefit of every favorable inference, the respondents failed to demonstrate that the petitioner does not have a cause of action for relief pursuant to CPLR article 78 (see Matter of O'Hara v Board of Educ., Yonkers City Sch. Dist., 198 AD3d at 900). Accordingly, the Supreme Court properly denied the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. However, the court should not have awarded the petitioner the ultimate relief sought in the petition, since the respondents had not yet filed an answer or the administrative record (see CPLR 7804[f]; Matter of O'Hara v Board of Educ., Yonkers City Sch. Dist., 198 AD3d at 900; Matter of Irfan v Vullo, 168 AD3d 733, 734).
Accordingly, we remit the matter to the Supreme Court, Nassau County, for the service and filing of an answer and the administrative record, and thereafter for further proceedings consistent herewith.
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court