Matter of Key Constr. Servs., LLC v County of Westchester (2026 NY Slip Op 01361)

Matter of Key Constr. Servs., LLC v County of Westchester

2026 NY Slip Op 01361

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-11239
 (Index No. 56927/23)

[*1]In the Matter of Key Construction Services, LLC, appellant, 
vCounty of Westchester, respondent.

Stephen P. O'Hare, PLLC, Hyde Park, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jennifer S. Bumgarner of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the County of Westchester Department of Public Works and Transportation dated October 17, 2022, finding that the petitioner was responsible for completing certain work pursuant to a contract between the petitioner and the County of Westchester, the petitioner appeals from an order and judgement (one paper) of the Supreme Court, Westchester County (Robert J. Prisco, J.), dated October 13, 2023. The order and judgment, in effect, granted the motion of the County of Westchester pursuant to CPLR 3211(a) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner was the successful bidder on a project to perform certain building renovation work at premises located in White Plains. In August 2021, the petitioner entered into a contract with the respondent, County of Westchester, in connection with the project. The petitioner subsequently disputed that it was required to perform certain telecommunications/information technology work identified in the contract. On October 17, 2022, the Commissioner of the County of Westchester Department of Public Works and Transportation (hereinafter the Commissioner) issued a determination, finding that the petitioner was "clearly responsible to complete the telecommunications/IT work as shown in the IT Drawings, including the purchase and installation of telecommunications/IT equipment, for the due and proper performance under the Contract, as Contract work and not extra work."
Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the Commissioner's determination. The County moved pursuant to CPLR 3211(a) to dismiss the petition. In an order and judgment dated October 13, 2023, the Supreme Court, in effect, granted the County's motion and dismissed the proceeding. The petitioner appeals.
"On a motion to dismiss a petition pursuant to CPLR 3211(a)(1), the movant has the burden of providing documentary evidence that utterly refutes the petitioner's factual allegations, conclusively establishing a defense as a matter of law" (Matter O'Hara v Board of Educ., Yonkers City Sch. Dist., 198 AD3d 896, 899 [internal quotation marks omitted]; see Matter of Thomas v Garden City Park Water/Fire Dist., 229 AD3d 558, 560). On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the petition as true and accord the petitioner the benefit of every possible favorable inference (see Matter O'Hara v Board of Educ., Yonkers City Sch. Dist., 198 AD3d at 899; Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 690). "When [*2]evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Matter of Kunik v New York City Dept. of Educ., 142 AD3d 616, 618; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the Supreme Court properly, in effect, granted, pursuant to CPLR 3211(a)(1), the County's motion to dismiss the petition. The documentary evidence, which consisted of, among other things, the contract documents, including Addendum No. 1 to the contract, utterly refuted the petitioner's allegations that it was not responsible for the telecommunications/information technology work at issue, thereby conclusively establishing a defense as a matter of law (see Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 909). The County demonstrated, among other things, that the work at issue was identified in the contract drawings attached to Addendum No. 1, which expressly provided that "[t]he work shown on these drawings is part of the contract work." Moreover, the petitioner does not dispute that it failed to comply with Section 1 of the "INFORMATION FOR BIDDERS," which mandated that bidders discover and inquire about a claimed ambiguity in any portion of the plans, specifications, or contract prior to the submission of a bid (see Acme Bldrs. v Facilities Dev. Corp., 51 NY2d 833, 834; Lakhi Gen. Contr., Inc. v New York City Sch. Constr. Auth., 147 AD3d 917, 919; Arnell Constr. Corp. v Board of Educ. of City of N.Y., 193 AD2d 640, 641).
Accordingly, the Supreme Court properly, in effect, granted the County's motion pursuant to CPLR 3211(a) to dismiss the petition and dismissed the proceeding.
The parties' remaining contentions need not be addressed in light of our determination.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court